39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred L. SLAUGHTER, Plaintiff-Appellant,
v.
Stanley W. LEVY; Stanton L. Stein, Defendants-Appellees.
 No. 93-56719.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fred Slaughter appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal with prejudice of his claims brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Sec. 1961-1968, against former defense counsel and his law partner. Slaughter contends that the district court erred by finding that his complaint failed to sufficiently allege a pattern of racketeering activity required for a cognizable RICO claim.[1] We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 Background
 
 3
 Slaughter is a lawyer who employed defendant Levy as his defense counsel in a malpractice action. Although Levy's representation ended in April 1993, the bills that he and defendant Stein sent Slaughter have not yet been paid. In his complaint, Slaughter alleged that some of defendants' billings constituted mail and wire fraud in violation of RICO. Slaughter also alleged that defendants conspired to violate RICO, committed fraud, and breached an oral contract.
 
 
 4
 The district court dismissed the RICO claims with prejudice and the pendent state law claims without prejudice. The court found (1) that Slaughter had failed to sufficiently plead the predicate acts of fraud to support his RICO claim, and (2) that the alleged acts of fraud did not meet RICO's continuity requirement.
 
 Merits
 
 5
 A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is reviewed de novo. Everest and Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Id. A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.
 
 
 6
 To properly state a section 1962(c) RICO claim, plaintiff must plead that defendant conducted an enterprise through a "pattern of racketeering activity." 18 U.S.C. Sec. 1962(c); Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 541 (9th Cir.1989). A pattern of racketeering activity requires predicate acts which "amount to, or ... otherwise constitute a threat of continuing racketeering activity." H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 240 (1989).
 
 
 7
 When a plaintiff alleges fraudulent acts as the predicate acts in his RICO claim, Fed.R.Civ.P. 9(b) "requires that circumstances constituting fraud be stated with particularity." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir.1988), cert. denied, 493 U.S. 858 (1989). The plaintiff "must state ... the specific content of the false representations." Id. at 1392-93.
 
 
 8
 In his complaint, Slaughter alleged that on 19 different dates defendants made fraudulent representations by mail, facsimile transmissions or phone. However, Slaughter did not describe the particular contents of the alleged letters, faxes, and phonecalls and the role they played in the fraudulent scheme. See id.; cf. Sun Sav. and Loan Ass'n v. Dierdorff, 825 F.2d 187, 190 (9th Cir.1987). Because Slaughter failed to sufficiently allege a claim for violation of RICO based on mail and wire fraud, see Albright, 862 F.2d at 1392, the district court properly dismissed his RICO and RICO conspiracy claims.[2]
 
 
 9
 Appellees' request for sanctions is denied.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Slaughter's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his reply brief, Slaughter requests that he be given the opportunity to amend his complaint if we agree with the district court's bases for dismissal. By failing to raise the issue in his opening brief, Slaughter has waived the issue. See Thompson v. Commissioner, 631 F.2d 642, 649 (9th CIr.1980), cert. denied, 452 U.S. 961 (1981). Even if we considered Slaughter's request, it would be denied. The rule that a pro se plaintiff should be given the opportunity to amend his complaint after dismissal for failure to state a claim, see Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987), was devised to protect "pro se litigants [who are] unskilled in the law." Hernandez v. Denton, 861 F.2d 1421, 1423 (9th Cir.1988), vacated on other grounds, 493 U.S. 801 (1989). Because Slaughter is an attorney who knowingly chose to rest on his complaint before the district court, he should not be afforded an opportunity to amend his complaint
 
 
 [2]
 Because the district court properly determined that Slaughter failed to sufficiently allege the requisite predicate acts, we need not address his contention that the court erred by finding he had failed to sufficiently allege a pattern of racketeering activity. We note, however, that the district court did not abuse its discretion by dismissing Slaughter's pendent state claims. See Schultz v. Sundberg, 759 F.2d at 714, 718 (9th Cir.1985) (per curiam)