53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David O. HOOPER, Plaintiff-Appellant,
v.
C/O CONNELLY, Defendant-Appellee.
 No. 94-16634.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 28, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David O. Hooper, a Nevada state prisoner, appeals pro se the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of his action under 42 U.S.C. Secs. 1983 and 1985, in which Hooper alleged that his due process and equal protection rights were violated when correctional officers ordered him and other inmates to lay down on the ground and fired a warning shot. The district court dismissed Hooper's first amended complaint with leave to file a second amended complaint showing actual injury to Hooper. The district court dismissed the action following Hooper's failure to file a second amended complaint as ordered. Hooper contends that the district court erred in ruling that the first amended complaint did not allege cognizable injury. We review de novo, Everest & Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994), and we affirm.
 
 
 3
 Hooper's first amended complaint does not allege any cognizable injury. Hooper alleges that he and other prisoners were ordered to lay down on the ground and that a warning shot was fired. He states that two African-American prisoners were detained, but he was not one of these two prisoners, as he states he is a Native American Indian. Hooper refers to "potential injury" and to injury that the defendants
 
 
 4
 could/would have caused the plaintiff and others ... those being bodily and psychologically [sic] by impact of defendants [sic] willful and present ability with which to inflict those injuries ...
 
 
 5
 (Ellipses in original.) The first amended complaint further identifies the potential injuries:
 
 
 6
 the injury suffered by the person of the plaintiff, absent bodily injury itself, is psychological injury. The irreversible psychological impact of pain or probable pain of death, for disobeying an order ... or by that from an arbitrary move by another inmate, wherefore defendant(s) violated plaintiffs [sic] right of inmate due process, as well as those [sic] around him.
 
 
 7
 The first amended complaint does not allege that the warning shot was fired at or towards him.
 
 
 8
 Based on these allegations, the district court properly dismissed the first amended complaint for failure to allege actual injury. See Darring v. Kincheloe, 783 F.2d 874, 877 (9th Cir.1985) (affirming summary judgment on the ground that the threat of punishment a prisoner faced was not sufficient to constitute the "injury in fact" necessary for a justiciable case or controversy). Because dismissal of the first amended complaint was not improper, the district court did not abuse its discretion in dismissing the action after Hooper failed to file a second amended complaint. See McKeever v. Block, 932 F.2d 795, 797 (9th Cir.1990).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We need not address Hooper's document entitled "Judicial Notice/Complaint," filed in this court on February 7, 1995. It appears to be a separate complaint under 42 U.S.C. Sec. 1983