57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Diane JAMES, Plaintiff-Appellant-Cross-Appellee,
v.
PRUDENTIAL-BACHE SECURITIES INC.; JERRY P. GETTINGER;
Defendants-Appellees-Cross-Appellants,
Joseph Kett; James Trice; Jack Graner, Defendants-Appellees,
and
Does, Does I Through XXV, Inclusive, Defendants.
 Nos. 94-55315, 94-55319.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1995.*
Decided June 13, 1995.
 
 Before: PREGERSON, POOLE, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Diane James sued her former employer, Prudential-Bache Securities Incorporated ("Prudential-Bache"), in federal court on November 2, 1988 alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq.[1] The district court entered a decision and order on December 26, 1989 dismissing James' Title VII claim because it was not timely filed.[2] On July 8, 1992, James filed a motion to reinstate the Title VII claim. The district court construed this request as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and found that James was time-barred from raising this motion.[3] James now appeals the district court's dismissal of her Title VII action and its denial of her motion to reinstate.[4] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 I.
 
 3
 We review the district court's dismissal of James' Title VII claim de novo, Everest and Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994) (dismissal for failure to state a claim presents a question of law reviewed de novo); Washington v. Garrett, 10 F.3d 1421, 1429 (9th Cir.1993) (district court's dismissal on statute of limitations grounds presents a question of law reviewed de novo).
 
 
 4
 Title VII requires that a person who has instituted proceedings with a state agency must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days after the unlawful employment practice occurred. 42 U.S.C. Sec. 2000e-5(e). The district court record shows that James' employment with Prudential-Bache was terminated on October 30, 1986, and that James did not file formal charges with DFEH and the EEOC until October 29, 1987, 364 days after she was terminated.
 
 
 5
 James argued at the hearing on her motion for reconsideration that her Title VII claim was timely because on August 10, 1987 (285 days after James was terminated), James filled out a "Pre-Complaint Questionnaire" with DFEH. James argues for the first time on appeal that the DFEH and the EEOC have a work-sharing agreement which is self-executing, so that her DFEH pre-complaint questionnaire constitutes a timely charge with the EEOC.
 
 
 6
 The courts of this circuit decline to consider issues raised for the first time on appeal unless they fall into one of three narrow exceptions: (1) there are "exceptional circumstances" why the issue was not raised in the trial court; (2) the new issue arises while the appeal was pending because of a change in the law; (3) the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed, so that the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court. United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990); United States v. Elias, 921 F.2d 870, 874 (9th Cir.1990); In re Professional Investment Properties of America, 955 F.2d 623, 625 (9th Cir.), cert. denied 113 S.Ct. 63 (1992).
 
 
 7
 James' claim does not fall within any of these exceptions. The work-sharing agreement on which James relies has been in existence since before the filing of this lawsuit. James' status as a pro se litigant and the fact that she did not become aware of the work-sharing argument sooner are not exceptional circumstances that warrant a consideration of the issue for the first time on appeal. The factual record from the district court has not been fully developed as to the issue of the work-sharing agreement. On August 22, 1994, James filed a motion in this court to supplement the record with, among other things, a work-sharing agreement between DFEH and EEOC dated September 29, 1988. James' motion must be denied, as existing documents or facts not presented to the district court are not part of the record on appeal. Elias, 921 F.2d at 874. Accordingly, we hold that the district court did not err in dismissing James' Title VII claim as untimely filed.
 
 II.
 
 8
 James argues that the district court erred by characterizing her reinstatement motion as a motion to vacate because she made reference to the issues of the intake questionnaire and the work-sharing agreement at the hearing on the motion to dismiss. The record shows, however, that James did not raise these issues at the hearing, in her district court complaint, or in her memorandum of law in opposition to the motion to dismiss. The district court correctly construed her motion as a Rule 60(b) motion for relief from the district court order.
 
 
 9
 We review the district court's denial of James' Rule 60(b) motion for abuse of discretion. In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir.1993). All motions made pursuant to Rule 60(b)(1)-(3) must be brought not more than one year from the entrance of the order. All other Rule 60(b) motions must be brought "within a reasonable time." The district court did not abuse its discretion by denying James motion, filed two and one-half years after the district court first entered its order dismissing James' Title VII claim, when that motion raised arguments that were available to James in 1988 and failed to offer any justification for the delay.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 James filed a separate suit in California Superior Court on October 29, 1987 alleging breach of contract, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, defamation, violation of California Labor Code Sec. 1050, unfair business practices and sex discrimination in violation of California's Fair Employment and Housing Act. On May 2, 1988, the California court granted defendants' motion to compel arbitration as provided for in James' employment contract. James did not seek arbitration, and filed the present action in federal district court
 
 
 [2]
 In her federal complaint, James also alleged sex discrimination in violation of California's Fair Employment and Housing Act, and breach of the implied covenant of good faith and fair dealing. The district court found that these claims had been brought and ordered to arbitration in James' state court action, and that a relitigation of the arbitratability of these claims was barred by res judicata. Accordingly, the district court granted defendants motion to stay proceedings on these causes of action pending the outcome of arbitration. This ruling is not at issue on appeal. James did not seek arbitration until May 1993
 
 
 [3]
 After her motion for reinstatement of her Title VII claim was denied, James sought arbitration on the claims she had raised in her state court complaint. On October 16, 1993, the arbitrator entered an award of $80,000 against Prudential-Bache and dismissed James' complaints against the other defendants. The district court entered an arbitration award and issued a final judgment on January 10, 1994
 
 
 [4]
 Prudential-Bache and Gettinger cross-appeal the district court's denial of their petition to compel arbitration of James' Title VII claim. Because we affirm the district court's dismissal of James' Title VII claim and her motion to reinstate, we need not reach this issue