**EVEREST AND JENNINGS, INC.,**
**Plaintiff–Appellant,**

v.

**AMERICAN MOTORISTS INSURANCE**
**COMPANY, Defendant–Appellee.**

No. 92–56351.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 1994.

Decided April 13, 1994.

Mary Craig Calkins (argued) and Kirk A. Pasich and Wendy I. Kirchick (on the brief), Hill, Wynne, Troop & Meisinger, Los Angeles, CA, for plaintiff-appellant.

Kristin E. Meredith (argued) and Lane J. Ashley (on the brief), Sedgwick, Detert, Moran & Arnold, Los Angeles, CA, for defendant-appellee.

Before: BRIGHT,* WIGGINS, and T.G. NELSON, Circuit Judges.

Opinion by Judge BRIGHT.

BRIGHT, Senior Circuit Judge:

Burke Incorporated (Burke), a wheelchair manufacturer, sued its competitor Everest and Jennings (E & J) alleging patent infringement. E & J requested its insurer, American Motorists Insurance Company (AMICO), to defend E & J in the Burke suit, and indemnify E & J in the event Burke won a damage award. After AMICO declined to defend or indemnify E & J, E & J instituted this action seeking a declaratory judgment as to AMICO's duties, and damages for breach of contract and breach of an implied covenant of good faith and fair dealing. AMICO moved for dismissal on the grounds that the advertising injury and personal injury provisions in E & J's business insurance policy did not require AMICO to defend or indemnify E & J in an action for patent infringement. The district court found AMICO had no duty to indemnify or defend and dismissed the case.

E & J now appeals, contending that the district court erred (1) in determining that the advertising injury provision of the contract did not cover patent infringement claims; and (2) in granting the motion for dismissal without adequately considering E & J's separate coverage under the personal injury provision. We affirm.

## I. BACKGROUND

Burke's suit against E & J alleged patent infringement in the manufacture and sale of a special wheelchair called the "CARRETTE Scooter" (the Scooter).[1] E & J requested AMICO, its business insurer, to defend E & J in the Burke action and, if unsuccessful, to indemnify E & J for any resulting damages. E & J grounded its request in provisions of the E & J–AMICO insurance contract which required the insurer to defend and/or indem-

---

* Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. Federal law defines "Infringement of patent" as follows:

> (a) Except as otherwise provided in this title, whoever without authority *makes, uses or sells* any patented invention, within the United States during the term of the patent therefor, infringes the patent.
>
> 35 U.S.C. § 271(a) (1952) (emphasis added).

nify the insured in any suit against E & J alleging "advertising injury" or "personal injury".[2] E & J alleged that its defense in the Burke suit would relate integrally to advertising because Burke became aware of the potential infringement due to E & J's advertising, and because E & J succeeded in selling the Scooter in part due to advertising. Additionally, E & J anticipated that Burke would prove its damages by demonstrating the extent to which E & J advertised and sold the allegedly infringing product.

AMICO declined to defend E & J, concluding that neither the advertising injury provision nor the personal injury provision triggered AMICO's obligation to defend or indemnify E & J in the Burke action. After successfully defending Burke's suit on its own,[3] E & J filed this action seeking a declaratory judgment concerning AMICO's duties to defend in the trial court and on appeal and indemnify E & J in the Burke suit for legal fees at trial and for damages in case of a loss on appeal. E & J's complaint also alleged breach of contract and breach of the covenant of good faith and fair dealing.

AMICO filed a motion for dismissal under Fed.R.Civ.P. 12(b)(6), or in the alternative for summary judgment or a stay of the proceedings. The district court granted AMICO's motion to dismiss, finding no potential for coverage under either the advertising injury or personal injury provisions. *See* Transcript of Proceedings, Sept. 8, 1992, at 6–9. E & J timely appealed.

## II. DISCUSSION

We review *de novo* a district court's dismissal of an action on the merits for failure to state a claim. *Gobel v. Maricopa County*, 867 F.2d 1201, 1203 (9th Cir.1989). On review, we apply the same standard as the district court. Thus, accepting the facts as stated by the nonmoving party from the record and drawing all inferences in its favor, we analyze whether it is " 'beyond doubt that the plaintiff can prove no set of facts in support of his or her claim.' " *Id.*, (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980)). California law applies in this diversity action. *Standard Fire Ins. Co. v. Peoples Church of Fresno*, 985 F.2d 446, 448 (9th Cir.1993).

E & J contends that Burke's patent infringement claim in the underlying suit comes within the language of the "advertising injury" provision of the AMICO policy, thus triggering AMICO's duty to indemnify or defend. The advertising provision covers injury caused by an offense "committed in the course of advertising". The policy defines "advertising injury" as "misappropriation of advertising ideas or style of doing business; or . . . [i]nfringement of copyright, title or slogan." The question we face is whether E & J could reasonably expect AMICO to defend or indemnify E & J in the Burke action. *See Iolab Corp. v. Seaboard Sur. Co., et al.*, 15 F.3d 1500, 1505 (9th Cir.1994) (Under California law, court must decide whether insured had a "reasonable expectation" that advertising injury provision provided coverage for the resulting liability).

We note at the outset that an insurer's obligation to defend its insured is broader than its obligation to indemnify. *CNA Casualty of Cal. v. Seaboard Sur. Co.*, 176 Cal.App.3d 598, 606, 222 Cal.Rptr. 276 (1986) ("the duty to defend is so broad that as long as the complaint contains language creating

---

**2.** E & J's policy from AMICO, a standard form "Commercial General Liability" contract, contains these provisions:

> [AMICO] will pay those sums that the insured [E & J] becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. . . . We will have the right and duty to defend any "suit" seeking those damages.
> . . . .
> "Advertising injury" means injury arising out of . . . misappropriation of advertising ideas or

> style of doing business; or . . . [i]nfringement of copyright, title or slogan.
> . . . .
> "Personal injury" means injury, other than "bodily injury," arising out of . . . [o]ral or written publication of material that . . . disparages a person's or organization's goods, products or services.

**3.** Burke's appeal now awaits determination in a separate appeal to this court. In the district court the Burke suit was styled *Burke, Inc. v. Everest & Jennings, Inc.*, Case No. CV 89–2613 JSL.

the potential of liability under an insurance policy, the insurer must defend an action against its insured"). Because we determine that E & J could not reasonably expect coverage and that no potential for liability existed under the policy, we hold that AMICO had (and has) no obligation to defend or indemnify E & J.

To compel an insurer to defend under an advertising injury provision, the insured must demonstrate a causal connection between the plaintiff's claim in the underlying action and the defendant-insured's advertising. *Iolab*, 15 F.3d at 1505–06. The underlying suit in *Iolab* concerned a claim by Dr. Jensen that Iolab infringed his patent on an intraocular lens. After reaching a multi-million dollar settlement with Jensen, Iolab sought indemnity from its primary insurers under an insurance provision covering "piracy arising out of or committed in advertising". *Id.* We affirmed summary judgment in favor of the insurers based on our determination that the insured's policy did not extend to the underlying plaintiff's patent infringement suit. Citing the California Supreme Court's recent decision in *Bank of the West v. Superior Court (Indus. Indem. Co.)*, 2 Cal.4th 1254, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992), we reiterated that the " 'advertising injury' must have a causal connection with the insured's 'advertising activities' before there can be coverage." *Iolab* at 1505 (quoting *Bank of the West*, 10 Cal.Rptr.2d at 553, 833 P.2d at 560).

Noting that the statutory definition of patent infringement refers only to the making, using, or selling of a product, *see supra* n. 1, we reasoned that "unless Dr. Jensen's claim was that Iolab infringed his patent in its advertising, *in a manner independent of its sale* of the intraocular lens, the Jensen loss is not a form of piracy arising out of or committed in advertising and is not covered under the policies." *Iolab* at 1506 (emphasis added). *Cf. National Union Fire Ins. Co. v. Siliconix Inc.*, 729 F.Supp. 77, 80 (N.D.Cal. 1989); *Aetna Casualty & Sur. Co. v. Superior Court (Watercloud Bed Co., Inc.)*, 19 Cal. App.4th 320, 23 Cal.Rptr.2d 442, 446 (1993).

While *Iolab* concerned a piracy clause somewhat different from the advertising injury provision contained in E & J's policy, we apply the same analysis. E & J concedes that Burke's complaint alleges infringement based on manufacture and sale only, and does not even mention E & J's advertising. E & J contends, however, that "[E & J's] advertising was—implicitly and explicitly— an element of Burke's patent infringement action." E & J grounds its claim for indemnity in the following facts which E & J asserts emerged from the underlying litigation: (1) Burke discovered the potential infringement through E & J's advertising; (2) Burke attempted to prove the amount of its damages by demonstrating the extent to which E & J advertised the Scooter; and (3) E & J sought to increase sales of the Scooter through advertising.

Even if true, these facts simply do not establish the necessary causal connection between the alleged infringement and E & J's advertising. Burke's claim never asserted that the infringement occurred because of E & J's advertising, much less that E & J's advertising infringed Burke's patent *independent* of E & J's manufacture and sale of the product.

E & J has presented no evidence demonstrating even a potential causal connection between its advertising and Burke's patent infringement claim. Under the plain language of the policy, E & J could not reasonably expect coverage. Accordingly, we affirm the district court's grant of a dismissal of the action in favor of AMICO on E & J's claim for defense and/or indemnity under the advertising injury provision.

■ E & J also contends that a separate personal injury provision of the AMICO policy requires the insurer to defend and indemnify E & J. The policy defines "personal injury" as "publication of material that *disparages* a person's or organization's goods, products or services." The policy also provides that "[t]his insurance applies to 'personal injury' only if caused by an offense ... 2) Arising out of the conduct of your business, *excluding* advertising, publishing, broadcasting or telecasting done by or for you."

E & J asserts that because Burke's patent infringement claim amounts to an allegation of "disparagement" of title, there clearly existed the potential for coverage under this provision sufficient to trigger AMICO's obligation to defend. AMICO responds that the plain language of the personal injury provision does not cover patent infringement. AMICO also argues that E & J's arguments are inconsistent insofar as the advertising injury claim includes the contention that advertising was integral to the Burke claim while the personal injury claim requires that injury due to advertising was not part of the underlying suit.

The district court found that the personal injury provision did not trigger AMICO's duty to defend in the underlying suit, and we agree. E & J argues that allegations of patent infringement necessarily imply a disparagement of title. If this were true, all claims of patent infringement would fit within a standard personal injury clause. This interpretation would permit coverage far exceeding the objectively reasonable expectations of the insured based on the explicit language of the policy. We therefore decline E & J's invitation to extend or warp the meaning of disparagement so as to permit coverage in this case. Under the plain meaning of the words in the contract, E & J failed to allege any plausible business offense which could have disparaged Burke.

## III. CONCLUSION

AMICO had no duty to defend or indemnify E & J in the Burke suit under the advertising injury and personal injury provisions of their insurance contract.[4] The judgment of the district court is affirmed.[5]

**AFFIRMED.**

---

4. Because we determine AMICO had no duty to defend or indemnify E & J, E & J's claims of breach of contract and breach of an obligation of good faith and fair dealing are moot.

5. The motion to dismiss under Fed.R.Civ.P. 12(b)(6) alternatively sought summary judgment under Fed.R.Civ.P. 56(b). The record contains matters outside the pleadings. Accordingly, the trial court's action amounted to a grant of summary judgment of dismissal.