51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AMERON, INCORPORATED, Plaintiff-Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA; International Insurance
Company, Defendants-Appellees.
 No. 93-56180.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1995.*
Decided March 29, 1995.
 
 1
 Before: BROWNING, D.W. NELSON, and HAWKINS Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 In this diversity action, plaintiff-appellant Ameron, Incorporated ("Ameron") seeks a declaration that its primary and excess insurers have a duty to defend and to indemnify Ameron in a prior patent infringement action ("the Smith Fiberglass litigation"). Ameron appeals the district court's grant of summary judgment in favor of the insurers, Insurance Company of North America ("INA") and International Insurance Company ("IIC"). Ameron claims that the "advertising injury" provisions of its insurance policies create a duty upon the insurers to defend and/or indemnify Ameron in the Smith Fiberglass litigation. Ameron further claims that the district court improperly denied it the opportunity to engage in discovery before granting summary judgment, and that a material factual dispute exists as to whether INA had waived its defenses, as a result of which summary judgment cannot be granted. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 I. Summary Judgment Based on No Duty to Defend
 
 
 5
 Ameron argues that Smith Fiberglass' claims for patent infringement and inducing patent infringement are covered under the "advertising injury" provisions of its insurance policies, which cover losses sustained as a result of injuries that "arise out of" and "in the course of" its "advertising activities," and that therefore, the district court erred in finding that INA and IIC had no duty to defend against these claims. We disagree and affirm the district court's grant of summary judgment for the reasons set forth in Everest and Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226 (9th Cir.1994) and Intex Plastics Sales Co. v. United Nat'l Ins. Co., 23 F.3d 254 (9th Cir.1994); see also Cubic Corp. v. Insurance Co. of North America, 33 F.3d 34, 36 (9th Cir.1994) (stating that this court is bound by "our own precedent, interpreting controlling California law").
 
 II. Denial of Discovery
 
 6
 Ameron further contends that the district court improperly granted summary judgment for INA and IIC before allowing it the opportunity to conduct additional discovery. A district court's decision not to permit additional discovery pursuant to Fed.R.Civ.P. 56(f) is reviewed for an abuse of discretion. Qualls v. Blue Cross, 22 F.3d 839, 844 (9th Cir.1994) (noting that district court's decision on Rule 56(f) may be made implicitly).
 
 
 7
 Ameron complains that it was unable to depose appellees' underwriters to establish that appellees intended to cover claims for patent infringement. However, even if the contractual language of the insurance policy were ambiguous, it must be interpreted consistently with the objectively reasonable expectations of the insured, not the subjective beliefs of the insurer. See Bank of the West v. Superior Court, 833 P.2d 545, 552 (Cal.1992); Chatton v. National Union Fire Ins. Co., 13 Cal.Rptr.2d 318, 331 (Ct.App.1992) (noting that "opinion evidence is completely irrelevant to interpret an insurance contract"); Winet v. Price, 6 Cal.Rptr.2d 554, 558 (Ct.App.1992) ("It is the outward expression of the agreement, rather than a party's unexpressed intention, which the court will enforce."). Moreover, because we hold that the language of the insurance policies at issue here[1] does not provide for more than one reasonable interpretation,[2] we also find that the district court did not abuse its discretion in denying Ameron an opportunity to conduct further discovery. See American Casualty Co. v. Baker, 22 F.3d 880, 890 (9th Cir.1994) (noting that under California law extrinsic evidence is irrelevant when the terms of a contract are not ambiguous).
 
 
 8
 III. Factual Dispute as to Waiver of Asserted Defense to
 
 Coverage
 
 9
 Lastly, Ameron contends that the district court erred in granting summary judgment because a genuine issue of material fact exists as to whether INA had waived its right to assert coverage defenses. Ameron claims that INA was estopped from denying coverage because INA's delay in reserving its rights "lulled" Ameron into believing that INA did not dispute its coverage obligations. "Waiver is an affirmative defense, for which the insured bears the burden of proof." Intel Corp. v. Hartford Acc. & Indem. Corp., 952 F.2d 1551, 1559 (9th Cir.1991); see also DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe, 35 Cal.Rptr.2d 515, 518-19 (Ct.App.1994) (holding that in a non-insurance case, the party asserting the waiver defense bears the burden of establishing the other party's intent to relinquish a known right by clear and convincing evidence), rev. denied, (Feb. 2, 1995).
 
 
 10
 Ameron has failed, as a matter of law, to establish the affirmative defenses of waiver or estoppel. There is no evidentiary support for a finding of waiver. See State Farm Fire & Cas. Co. v. Jioras, 29 Cal.Rptr.2d 840, 884 n. 7 (Ct.App.1994) (noting that "[w]aiver depends solely on the intent of the waiving party, and is not established merely by evidence the insurer failed to specify the exclusion in a letter reserving rights"). Moreover, Ameron's estoppel argument is foreclosed by its failure to demonstrate prejudice from INA's alleged delay in denying coverage. See id. at 845-56 (finding no detrimental reliance where '[n]o claim [was made] that if separate counsel had known of the denial of coverage ... [he] might have structured the defense differently from the defense actually structured"); Alta Cal. Regional Center v. Fremont Indemnity Co., 30 Cal.Rptr.2d 841, 849 (Ct.App.1994) (finding no waiver or estoppel where insured had not established it own detrimental reliance or misconduct by the insurer).
 
 CONCLUSION
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The relevant portions of the policies extend coverage to injuries that "arise out of an offense ... occurring in the course of the named insured's advertising activities" (INA policy) or those "arising out of ... misappropriation of advertising ideas or style of doing business" (IIC policy)
 
 
 [2]
 Cf. Iolab Corp. v. Seaboard Sur. Co., 15 F.3d 1500, 1505 n. 3 (9th Cir.1994) (commenting that the California Supreme Court's construction of an insurance policy's advertising injury provision in Bank of the West, 833 P.2d at 558-59, was meant to apply to a broad category of advertising injury provisions, not merely to the specific policy language at issue)