54 F.3d 786
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Vancile A. WHITE, Jr., Petitioner-Appellant,
v.
James H. GOMEZ, Director, California Department of
Corrections; George Smith, Warden, California
State Prison at Corcoran, Respndents-Appellees.
 No. 94-55904.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 22, 1995.
 
 Before: WALLACE, Chief Judge, HUG, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vancile A. White, Jr., a California state prisoner, appeals pro se (1) the district court's dismissal of his 42 U.S.C. Sec. 1983 claim for exposure to tuberculosis ("TB") against George Smith, Warden of the California State Prison at Corcoran, for failure to state a claim and (2) the district court's grant of defendants' motion for summary judgment on the remainder of White's section 1983 claims alleging that James Gomez, Director of the California Department of Corrections, and Warden Smith violated his Eighth Amendment rights by exposing him to TB which caused his subsequent TB infection, inadequately treating his TB infection, and exposing him to environmental tobacco smoke. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 This court reviews both a dismissal for failure to state a claim and a grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994) (summary judgment); Everest & Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994) (dismissal for failure to state a claim). We may affirm the district court on any grounds supported by the record. Garcia v. Bunnell, 33 F.3d 1193, 1195 (9th Cir. 1994), cert. denied, 131 L. Ed. 2d 229 (1995).
 
 
 4
 "There is no respondeat superior liability under section 1983." Taylor, 880 F.2d at 1045. Therefore, to establish a prison official's liability for the actions of subordinates under section 1983, an inmate must demonstrate that the official "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). See also Leer v. Murphy, 844 F.2d 628, 631-33 (9th Cir. 1988). Here, White failed to allege sufficient facts to establish a genuine issue as to Smith's or Gomez's involvement in, or knowledge of, the alleged deprivations of White's constitutional rights.
 
 
 5
 Upon review, we affirm for the reasons stated below.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we dismiss White's motion for appointment of counsel for purposes of oral argument as moot
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3