64 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lester BUSBY, Plaintiff-Appellant,
v.
HOLLYWOOD ARDMORE COOPERATIVE, INC., Defendant-Appellee.
 No. 94-56544.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 10, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lester Busby ("Busby") appeals pro se from the judgment of the district court denying his requested injunctive relief and dismissing his action against his landlord, Hollywood Ardmore Cooperative, Inc. ("HAC"). Busby argues that the district court erred by finding that he failed to demonstrate sufficient government involvement to subject the activities of HAC to the requirements of the due process clause. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review a district court's dismissal of a complaint for failure to state a cause of action de novo. See Everest and Jennings, Inc. v. American Motorist Ins. Co., 23 F.3d 226, 228 (9th Cir.1994).
 
 
 4
 To state a due process claim against a private entity, such as HAC, a plaintiff must allege governmental action.[1] See Gorenc v. Salt River Project Agric. Improvement and Power Dist., 869 F.2d 503, 505-06 (9th Cir.), cert. denied, 493 U.S. 899 (1989). Governmental action can be shown where "there is a sufficiently close nexus between the [governmental entity] and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the [government] itself," Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974), or where the government ahs "so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity." Burton v. Wilmington Parking Authority, 365 U.S. 715, 725 (1961).
 
 
 5
 Busby argues that his eviction from his apartment constituted governmental action violative of his due process rights because HAC is regulated by the Department of Housing and Urban Development ("HUD") as a condition of its receipt of a federally insured mortgage under Section 213 of the National Housing Act, 12 U.S.C. Sec. 1715e. Section 213 regulates HAC's sales, rents, charges, capital structure, and methods of operation in order to protect the government's financial interest in not having to pay on the mortgage. See 24 C.F.R. Secs. 213.23-30. Contrary to Busby's assertions, the HUD does not regulate the day-to-day operations of HAC's premises, such as approving leases or evicting tenants.[2]
 
 
 6
 Because of the limited regulatory role of the HUD in the affairs of HAC, the government cannot be said to be a joint participant in HAC's eviction decisions, nor is there a sufficiently close nexus between the government and HAC to make the actions of HAC that of the government itself. See Gorenc, 869 F.2d at 506-07.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Busby's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "The standards utilized to find federal action for purposes of the Fifth Amendment are identical to those employed to detect state action subject to the strictures of the Fourteenth Amendment." Geneva Towers Tenants Org. v. Federated Mortgage Investors, 504 F.2d 483, 487 (9th Cir.1974)
 
 
 [2]
 The federal regulations cited by Busby governing the eviction of tenants apply to projects that receive subsidized federally insured mortgages. See 24 CFR Part 247. They do not apply to Section 213 projects like HAC