73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lawrence Daniel CALDWELL, Plaintiff-Appellant,
v.
UNITED STATES of America; Michael E. Amend, Inspector,
United States Marshals Service, Baltimore, Maryland; Don M.
Lamb, Deputy Marshal, United States Marshals Service,
Portland, Oregon, individually and officially, Defendants-Appellees.
 Nos. 92-35485, 93-35974.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 27, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence D. Caldwell, a federal prisoner, appeals pro se the district court's judgment, following a jury trial, in his action alleging that defendants executed an illegal search in violation of the Fourth Amendment and retained seized property in violation of the Fifth Amendment.[1] We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part, reverse in part, and remand.
 
 A. Retention of Currency
 
 3
 Caldwell contends that the district court erred when it dismissed his claim that defendants illegally retained approximately $47,000 seized during a search of the house in which he was living. This contention has merit.[2]
 
 
 4
 During pre-trial proceedings, Caldwell argued that defendants had improperly retained the currency after they had determined it was not connected to a bank robbery. The district court "rul[ed] against" Caldwell on this claim (RT 20). Because the district court's ruling occurred before the case proceeded to trial, it should be construed as a dismissal pursuant to Fed.R.Civ.P. 12(b)(6). Compare Fed.R.Civ.P. 12(b)(6) with Fed.R.Civ.P. 50(a). Accordingly, we review the district court's dismissal of this claim de novo. See Everest & Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994).
 
 
 5
 "A criminal defendant is presumed to have the right to the return of his property once it is no longer needed as evidence, and the burden of proof is on the government to show 'that it has a legitimate reason to retain the property.' " United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993) (quoting United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir.1987)); cf. Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (noting that deprivations of property without adequate post-deprivation procedural protections violate due process guarantees). Here, defendants' need for this currency as evidence expired, at the latest, in August 1988. See 18 U.S.C. Sec. 3282 (five-year statute of limitations for bank robbery). According to Caldwell's amended complaint, however, defendants had not returned the currency as of December 1989. Defendants did not present any justification for their retention of this currency.
 
 
 6
 "Actions under [42 U.S.C.] Sec. 1983 and those under Bivens are identical save for the replacement of a state actor under Sec. 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). Accordingly, Caldwell must demonstrate that defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 7
 Here, Caldwell's complaint alleges that the Federal Bureau of Investigation had possession of the currency during the relevant time period. Accordingly, we affirm the district court's dismissal of Caldwell's retention of currency claim as to defendants Amend and Lamb. See id.
 
 
 8
 We note that the United States has never explained the current status of Caldwell's seized currency nor has the United States explained whether the Federal Bureau of Investigation retained the currency. Because a pro se litigant should be given leave to amend before his complaint is dismissed under Fed.R.Civ.P. 12(b)(6), we remand this claim so that the district court may inform Caldwell of the deficiencies in his complaint and give Caldwell an opportunity to amend his complaint. See McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992).
 
 
 9
 B. Substitution of the United States as a Party
 
 
 10
 Caldwell contends that the district court erred by granting defendant Amend's and defendant Lamb's motion to dismiss and substitute the United States as the defendant in his "abuse of process" claim. This contention lacks merit.
 
 
 11
 Under 28 U.S.C. Sec. 2679(d), the United States may be substituted as a party where government employees are sued for conduct "within the scope of [the employee's] office or employment...." Caldwell argues that Sec. 2679(d) does not apply to his action because the statute was amended after his original complaint was filed. Because the 1988 amendments to Sec. 2679(d) apply to all cases pending at the time the amendments were adopted, the district court did not err by granting this motion. See United States v. Smith, 499 U.S. 160, 164 n. 4 (1991).[3]
 
 C. Denial of Judgment as a Matter of Law
 
 12
 Caldwell contends that the district court erred by denying his motion for judgment as a matter of law after the verdict. This contention lacks merit.
 
 
 13
 The district court may not grant judgment as a matter of law after the verdict based on grounds which were not raised in an earlier motion for judgment as a matter of law. See Fed.R.Civ.P. 50; Murphy v. City of Long Beach, 914 F.2d 183, 186 (9th Cir.1990).
 
 
 14
 Here, Caldwell made a motion for judgment as a matter of law at the close of defendants' case based on his contention that the evidence clearly demonstrated that defendants had damaged property which they had seized during their search of the house where he was living. In his motion for judgment as a matter of law after the verdict, however, Caldwell argued that he should be granted such a judgment because the affidavit supporting probable cause for the search warrant was inadequate.
 
 
 15
 Because Caldwell raised the issue of the adequacy of the affidavit for the first time in his motion for judgment as a matter of law after the verdict, the district court did not err by denying the motion. See id.[4]
 
 
 16
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe Caldwell's claims against defendants Amend and Lamb as an action brought under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) and his claim against the United States as an action brought under the Federal Tort Claims Act, 28 U.S.C. Sec. 2671 et seq
 
 
 [2]
 Insofar as Caldwell argues on appeal that the district court erred by concluding that defendants lacked probable cause to seize the money, his contention lacks merit. First, because Caldwell conceded below that defendants had probable cause to seize the currency, we conclude that he abandoned this issue and cannot raise it on appeal. See Walker v. San Francisco Unified Sch. Dist., 46 F.3d 1449, 1455 (9th Cir.1995). Moreover, given the defendants' suspicion that Caldwell was connected with two bank robberies and the fact that the currency was found in denominational bundles stored in a suitcase in a garbage can, we conclude that defendants had probable cause to seize the currency. See United States v. Dunn, 946 F.2d 615, 619 (9th Cir.), cert. denied, 502 U.S. 950 (1991)
 
 
 [3]
 Upon review of Caldwell's pre-trial brief and the trial transcript, we conclude that Caldwell abandoned his claim against the United States. See Walker, 46 F.3d at 1455 n. 6
 
 
 [4]
 Insofar as Caldwell contends on appeal that his motion should have been construed as a motion for a new trial based on newly discovered evidence under Fed.R.Civ.P. 59, his contention lacks merit. See Jones v. Aero/Chem Corp., 921 F.2d 875, 879 (9th Cir.1990)