74 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark G. LEVITOFF, et al., Plaintiffs-Appellants,
v.
Mike ESPY, Secretary, United States Department of
Agriculture, Defendant-Appellee.
 No. 94-15169.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1995.
Decided Jan. 16, 1996.
 
 Before: GOODWIN, POOLE, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Mark Levitoff, et al., a class of male employees of the United States Forest Service, appeal the district court's dismissal of their Title VII action against the Secretary of the Department of Agriculture. The original suit, brought under 42 U.S.C. Sec. 2000(e), alleged that a consent decree which aided female Forest Service employees in another action, Bernardi v. Yeutter, Civ.Action No. 73-1110 SC (N.D.Cal.), resulted in discrimination against male employees. We affirm in part and reverse in part.
 
 I.
 
 3
 This case is inextricably linked to Bernardi. That case commenced in 1973, when the original plaintiff, a female Forest Service employee, brought a Title VII civil rights action against the Department of Agriculture for the discriminatory denial of promotion opportunities. The parties agreed to a consent decree in 1979. The district court approved the consent decree in 1981 after two fairness hearings and the expiration of an appeals period. In 1988, the district court extended the terms of the consent decree for three years, until 1991.
 
 
 4
 In 1990, only one year before the consent decree was scheduled to expire, the current plaintiffs filed a motion seeking to intervene in Bernardi on behalf of a class of male employees. They also requested a suspension of the decree. The district court denied both the request for injunctive relief and the request to intervene. We upheld that decision in Bernardi v. Yeutter, 945 F.2d 408 (9th Cir.1991). In 1993, the district court issued an order approving a final settlement of the Bernardi action and suspending the consent decree.
 
 
 5
 The plaintiffs filed this suit in 1992, after the Bernardi litigation concluded. The district court dismissed the complaint. The factual allegations underlying this action are virtually identical to the ones in the unsuccessful Bernardi action. The male class appeals, in what is essentially another attack on a formerly legitimate, and now suspended, consent decree.
 
 II.
 
 6
 We review a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) de novo. Everest and Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). Review is limited to the contents of the complaint. Buckey v. Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 113 S.Ct. 599 (1992).
 
 
 7
 The basis of Appellants' argument is that their claims are not barred by the Supreme Court's decision in GTE Sylvania v. Consumers Union, 445 U.S. 375, 386 (1980) ("persons subject to an injunctive order issued by a Court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order"). Appellants are dead wrong. GTE is directly applicable, and forecloses their claims.
 
 
 8
 The Secretary's compliance with a court order is a complete defense to actions such as these, because the Bernardi court specifically upheld the validity of the decree and ordered the Secretary to comply with its terms upon penalty of contempt. As the district court correctly held, the Secretary was legally obligated and had no choice but to comply with the terms of the decree. Appellants' complaint fails to allege any facts that fall outside the actions mandated by the Bernardi consent decree. Thus, the court did not err when it dismissed Appellants' claims under the GTE standard.
 
 
 9
 Appellants' argument that they were not given a reasonable opportunity to object to the Bernardi consent decree is absurd. Appellants not only missed two fairness hearings, but also failed timely to intervene in numerous hearings and proceedings in litigation that had been pending for 17 years before they chose to enter the fray.[1]
 
 III.
 
 10
 We cannot agree, however, with the conclusion of the district court that Appellants lack standing to argue that the Forest Service's actions went beyond the scope of what was required by the decree. Standing is a question of law reviewed de novo. Wedges/Ledges of California, Inc. v. City of Phoenix, 24 F.3d 56, 61 (9th Cir.1994).
 
 
 11
 We have no quarrel with the law relied upon by the district court that restricts standing to enforce a consent decree to parties and intended third-party beneficiaries. See Hook v. State of Arizona Dep't of Corrections, 972 F.2d 1012, 1015 (9th Cir.1992) (A consent decree " 'is not enforceable directly or in collateral proceedings by those who are not parties to it.' ") (quoting Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975)). But see Vogel v. City of Cincinnati, 959 F.2d 594, 598 (6th Cir.), cert. denied, 113 S.Ct. 86 (1992) (holding that a non-party to a consent decree was barred from collaterally seeking "to enforce it according to his own interpretation of it").
 
 
 12
 We note that the Appellants here certainly are not attempting "to enforce" the terms of the consent decree as that phrase was used by the third-party beneficiaries in Hook. See 972 F.2d at 1014-15. Rather, they wish to prove that the Secretary took actions not required by the Bernardi consent decree, and that those actions violated Appellants' rights. For this claim, Appellants' have standing. If they did not, the Secretary could take any action he wished by simply alleging that the consent decree mandated it. Parties must have standing to prove that particular conduct lies beyond the scope of a court order.[2]
 
 
 13
 However, as discussed, we agree with the district court that none of the facts pled by Appellants here indicate that the government did anything except follow the consent decree. As such, the district court's dismissal of the Appellants' complaint under the GTE standard is AFFIRMED.
 
 KLEINFELD, Circuit Judge, dissenting:
 
 14
 I respectfully dissent. We should reverse. Men sued as a class, claiming that the Forest Service discriminates against them in hiring and promotions based on their sex. They seek an injunction requiring the Forest Service to stop discriminating, and to hire, promote and train class members who were harmed by the sex discrimination. The Forest Service says it cannot give plaintiffs relief because of the Bernardi decree. Yet the decree has been suspended and no longer imposes any restraints on the Forest Service. Plaintiffs are also suing for remedial measures for past discrimination against men not required by the decree.
 
 
 15
 The majority upholds the district court's Rule 12(b)(6) dismissal of plaintiffs' claims, stating that plaintiffs' claims were foreclosed under GTE Sylvania v. Consumers Union, 445 U.S. 375 (1980). The district judge said that "plaintiffs have failed to identify any actions taken by defendant which go beyond the scope of the Bernardi consent decree." The majority and the district court err in dismissing plaintiffs' claims for two reasons.
 
 
 16
 First, compliance with the decree was an affirmative defense, not an element of plaintiffs' sex discrimination claim. A complaint need not state why an anticipated affirmative defense is invalid. The district court might reasonably require such a statement as a matter of litigation management under Rule 16, but that does not justify dismissing the complaint for failure to state a claim upon which relief can be granted. The statement the district court wanted was not an element of a claim.
 
 
 17
 Second, the affirmative defense, if valid, is limited to past discrimination. Even if the Forest Service in the past had no choice but to discriminate against men because of the Bernardi decree, it is now free of that restraint, and could treat men equally in the future. The Bernardi decree has been suspended and no longer restrains the Forest Service. Therefore, plaintiffs' claim for injunctive relief based on current Forest Service discriminatory practices should not be dismissed under Rule 12(b)(6).
 
 
 18
 I am not sure that the GTE Sylvania doctrine should protect an employer from liability for sex discrimination pursuant to a consent decree. The Forest Service perhaps should be liable to men if it colluded with women to obtain a judicial decree requiring it to discriminate against men based on their sex. But we need not reach that question to reverse.
 
 
 19
 We of course should not decide, on this appeal, whether the Forest Service discriminated and continues to discriminate against men based on their sex. But the men so claiming should be allowed to try to prove that this is so. Their case has erroneously been dismissed without giving them a fair chance to prove it.
 
 
 20
 It is a bit much to attack the men bringing this lawsuit for failing to do anything in 1973. Probably quite a few of the men who would like Forest Service jobs without being at an arbitrary disadvantage based on their sex were not born in 1973. Quite a few of the men whose promotions might have been barred by their sex are probably in their twenties and thirties, and were children in 1973. A 35 year old Forest Service employee who has been passed over for promotion based on his sex would have been 13 in 1973. No one invited plaintiffs or anyone representing men's interests to be heard in 1973. A consent decree is inherently collusive, and there was no representation of the class of persons to be discriminated against, men, in Bernardi. Bernardi is over and final, so it cannot now be challenged, but that does not mean that any challenge relating to sex discrimination against men is barred by that old and now suspended decree.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellants' request to take judicial notice of two documents from the Secretary's records, pursuant to Fed.R.Evid. 201(b)(2), is denied. There is no basis for admitting the two administrative Equal Employment Opportunity Commission decisions, because Appellants cannot litigate the precise issue that is foreclosed. Further, both decisions only address specific individual instances of discrimination. Neither speak to nor demonstrate any routine practice or commonplace pattern
 
 
 [2]
 We need not address the thorny issue of retroactivity of Section 108 of the Civil Rights Act of 1991, see 42 U.S.C. Sec. 2000e-2(n)(1)(A), because the government did not rely on this provision of Title VII in support of its contention that Appellants lack standing to bring the instant action. However, our conclusion is not in conflict with Sec. 108 because that subsection only bars challenges to an "employment practice that implements and is within the scope of a litigated or consent judgment...." Id. Thus, by its own terms, Sec. 108 appears to contemplate actions that allege discriminatory employment practices that go beyond the scope of a previously litigated consent decree