83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles McCARTHY, Plaintiff-Appellant,
v.
Michael BROWN; George Miller; Katrina Richter; The Board
of Adjustment for the City of Tucson; Thomas Parsons;
Superior Court of Pima County; State of Arizona; State Bar
of Arizona, Defendants-Appellees.
 No. 95-15607.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles McCarthy appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that the State of Arizona, the Arizona State Bar, the Superior Court of Pima County, and several other governmental entities and individuals conspired to violate his civil rights. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 It is difficult to discern McCarthy's specific contentions on appeal because his brief is somewhat unintelligible.[1] Nonetheless, construing McCarthy's brief liberally, it is evident that he is appealing from the district court's order dismissing the action for failure to state a claim against two of the defendants, and granting summary judgment for defendant State Bar of Arizona. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1988).
 
 
 4
 We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), see Everest & Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994), as well as its grant of summary judgment, see McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992).
 
 
 5
 After conducting an independent review of the record, we affirm for the reasons stated by the district court in its order filed March 3, 1995, which was subsequently entered as a final judgment on March 13, 1995.
 
 
 6
 Because this case presents no exceptional circumstances, the district court did not abuse its discretion by denying McCarthy's request for appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny appellee's motion to strike McCarthy's brief or in the alternative to dismiss the appeal based upon McCarthy's failure to comply with the technical requirements of Fed.R.App.P. 28 because we construe pro se appellate briefs liberally. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1988) ("This court recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements")
 
 
 [2]
 Appellant's motion for appointment of counsel on appeal is denied