116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
L.B. RUSSELL CHEMICALS, INC., Plaintiff-Appellant,
v.
LIBERTY MUTUAL INSURANCE CO., Defendant-Appellee.
 No. 94-55407.
 United States Court of Appeals, Ninth Circuit.
 June 19, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-93-4856-R; Manuel L. Real, District Judge, Presiding.
 Before: FLETCHER, CANBY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 L.B. Chemicals, Inc., appeals dismissal under Rule 12(b)(6) of its action against Liberty Mutual Insurance Company seeking a declaration that Liberty Mutual had a duty to defend and indemnify it in two state court actions brought by Jackie Carlyle, a former employee of Russell Chemicals. We have jurisdiction, 28 U.S.C. § 1291 and we affirm.
 
 I. BACKGROUND
 
 3
 Two insurance policies obligated Liberty Mutual to provide coverage for damages to third parties arising from bodily injury and personal injury caused by Russell Chemicals. Bodily injury coverage is provided for accidental injuries. Injuries caused by intentional acts are not covered. Personal injury coverage is limited to injury from defined causes and types of injury and excludes coverage for injuries arising out of certain defined conduct. See Commercial General Liability Coverage Form ("the Commercial Policy"); Umbrella Excess Liability Policy ("the Umbrella Policy").
 
 
 4
 Carlyle brought two actions in California superior court against Russell Chemicals and its agents. Carlyle brought her first action against Russell Chemicals, Irving Ewig (its president), Dennis Liddell and Rhoda Liddell (her supervisors, and various Does). This action concerned the events leading up to and including Russell Chemicals' termination of Carlyle. Carlyle alleged that Ewig and the Liddells repeatedly encouraged her to sleep with Ewig; that when she was on a business trip with Ewig in Las Vegas, Ewig cancelled her return flight, forcing her to wait four hours on standby for another flight; and that Ewig and the Liddells fired her for refusing to sleep with Ewig. Carlyle further alleged that Ewig and the Liddells had knowingly and willfully conspired against her to violate her "rights to fair and unbiased treatment by her employer." See Carlyle's Complaint of Dec. 7, 1991 ("the Ewig Complaint"); Carlyle's Complaint of Sept. 8, 1992 ("the Amended Ewig Complaint").[1]
 
 
 5
 Carlyle brought a second action against Russell Chemicals and Michael Victor, a company executive. This action concerned the events following Russell Chemicals' termination of Carlyle. Carlyle alleged that Victor hindered her efforts to find new employment and sexually harassed her, and that this misbehavior caused her emotional distress. Carlyle further alleged that Victor's actions were intentional and "were part of the continuing pattern of sexual intimidation and harassment" by Russell Chemicals. See Carlyle's Complaint of Mar. 24, 1992 ("the Victor Complaint"); Carlyle's Complaint of June 19, 1992 ("the First Amended Victor Complaint"); Carlyle's Complaint of Apr. 6, 1994 ("the Second Amended Victor Complaint").[2]
 
 
 6
 Russell Chemicals requested defense against Carlyle's actions and indemnity for any judgments, but Liberty Mutual refused. Liberty Mutual did reimburse Russell Chemicals for the $15,772 Russell Chemicals spent successfully opposing Carlyle's motion to file a First Amended Ewig Complaint. Russell Chemicals then brought a declaratory judgment action against Liberty Mutual which was removed to the federal district court. The district court granted Liberty Mutual's motion to dismiss under Rule 12(b)(6). Russell Chemicals appeals.
 
 II. DISCUSSION
 
 7
 We must determine whether the district court erred in dismissing Russell Chemicals' complaint without leave to amend. Was there any possibility that Russell Chemicals had coverage that would entitle it to defense or indemnity or both under its contracts of insurance? If not, is it possible that Liberty Mutual had waived its right to deny coverage or acted in bad faith?
 
 
 8
 We review de novo dismissal of an action under Rule 12(b)(6). Everest and Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). Accepting the facts as stated by Russell Chemicals and drawing all inferences in its favor, we analyze whether it is beyond doubt that it can prove no set of facts in support of any of its claims. Id.
 
 A. COVERAGE
 
 9
 Russell Chemicals argues that the district court erred by dismissing on the pleadings its claim that Liberty Mutual had a contractual obligation to provide Russell Chemicals defense against and indemnity for Carlyle's actions. Specifically, Russell Chemicals claims that Carlyle's allegations of false imprisonment, injury to reputation, injury caused by negligent supervision, and emotional distress were at least potentially covered by her bodily injury and personal injury provisions of the Commercial Policy and the Umbrella Policy. We disagree.
 
 
 10
 The duty to defend, which is broader than the duty to indemnify, is triggered by any facts known to the insurer, upon performance of its duty of adequate investigation, which raise the possibility that coverage must be provided. Montrose Chemical Corp. v. Superior Court, 861 P.2d 1153, 1157, 1161 (Cal.1993 (en banc)) (citations omitted). However, we look to the facts alleged by the third party, not the characterizations or gloss given to them by any of the litigants, to determine whether the insurer has a duty to defend or indemnify. See Horace Mann Ins. Co. v. Barbara B., 846 P.2d 792, 795 (Cal.1993) (en banc) ("The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the [third party] complaint with the terms of the policy."); Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co., 18 Cal.Rptr.2d 692, 699 (Cal.Ct.App.1993) ("[T]he insured may not speculate about unpled third party claims to manufacture coverage.") (quotations and citations omitted). We conclude that nothing known to Liberty Mutual, from Carlyle's complaints or otherwise, raised the possibility that Liberty Mutual's contract required it to cover Russell Chemicals for claims in Carlyle's actions.
 
 
 11
 The gravamen of Carlyle's complaints is the injuries caused her by the intentional, reprehensible sexual harassment by the principals of Russell Chemicals--its president, Ewig, its executive, Victor, and Carlyle's supervisors, the Liddells. She claims they conspired against her, tried to coerce her into sleeping with Ewig, and fired her when she refused. She claims "the pattern of sexual intimidation and harassment" by Ewig and the Liddells "was undertaken intentionally and with a conscious disregard for the foreseeable consequences of causing Plaintiff, Jackie Carlyle, emotional and physical distress due to said intentional conduct." Ewig Complaint at 8. Further, she stated they "acted willfully, fraudulently, with malice, and with the intent to vex, harass, annoy, betray, and deceive Plaintiff, entitling Plaintiff to punitive damages.... " Id.
 
 
 12
 We agree with the district court's analysis that
 
 
 13
 "[a]11 allegations in both underlying complaints arise and are inseparable from the claims of wrongful termination and 'sexual intimidation and harassment.' The claims of 'sexual intimidation and harassment' and any resulting damage are uninsurable under California Insurance Code Section 533, are not covered by the provisions of the Liberty Insurance Corporation policy and/or are specifically excluded from coverage." We need not go further into the niceties of the precise language used by Carlyle in her complaints.
 
 
 14
 Because it rightly found that Russell Chemicals could not amend its complaint to cure the deficiencies in the complaint the district court dismissed the complaint for failure to state a claim. We subscribe fully to its order of February 22, 1994. (Entered February 24, 1994).
 
 B. WAIVER
 
 15
 Russell Chemicals argues that the district court erred by dismissing its claim that Liberty Mutual had waived its right to deny coverage. A party waives its rights by engaging in "conduct so inconsistent with an intent to enforce the right as to induce a reasonable belief that it has been waived." Long Beach Unified School Dist. v. State, 275 Cal.Rptr., 449, 459 (Cal.Ct.App.1990). While Liberty Mutual reimbursed Russell Chemicals for the $15,772 it spent opposing Carlyle's motion to amend her first complaint, it also clearly announced its intent to deny coverage. Russell Chemicals could not have reasonably believed that Liberty Mutual had waived its right to refuse defense and indemnity.
 
 C. BAD FAITH
 
 16
 Russell Chemicals argues that the district court erred by dismissing its claim that Liberty Mutual acted in bad faith. However, Russell Chemicals proffered no evidence of bad faith. The denial of defense and indemnity was not improper, as explained above. Moreover, Russell Chemicals alleged no facts suggesting that Liberty Mutual failed properly to investigate the case, or that further investigation would have discovered any material information.
 
 D. AMENDMENT
 
 17
 Russell Chemicals argues that the district court erred by dismissing its complaint without leave to amend. We review denial of leave to amend for an abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). Futility of amendment is proper grounds for such denial. Id. Russell Chemicals argues that amendment would have allowed it to improve its complaint by adding allegations from Carlyle's deposition and Second Amended Victor Complaint. However, the first four of Carlyle's five complaints were already before the district court, and neither her deposition nor her fifth complaint could strengthen Russell Chemicals' complaint. Thus, the district court did not abuse its discretion by holding that any amendment to Russell Chemicals' complaint would be futile.
 
 III. CONCLUSION
 
 18
 The order of the district court dismissing Russell Chemicals' action is affirmed
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 While Russell Chemicals successfully opposed the motion to file the September 8 amendment, Liberty Mutual reimbursed Russell Chemicals for its expenses in doing so and presumably knew the amendment's contents
 
 
 [2]
 While Carlyle filed her Second Amended Victor Complaint six weeks after the federal district court dismissed Russell Chemicals' coverage suit against Liberty Mutual, it is probative of facts Liberty Mutual might have discovered upon investigation. Unlike her other Victor complaints, this complaint contained allegations concerning conduct that preceded Carlyle's termination: Ewig's misconduct on the Las Vegas business trip