116 F.3d 1485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bernard BURLEY, Plaintiff-Appellant,
v.
Frank E. FERREIRA; Whispering Trees Apt.; Sequoia Property
Management; Fair Housing and Employment
Department of the State of California,
Defendants-Appellees.
 No. 96-56231.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 19, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CV-95-02882-HBT; Howard B. Turrentine, Senior District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bernard Burley appeals pro se the district court's dismissal of his 42 U.S.C. §§ 1983, 1985 civil rights action as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Everest & Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994) and affirm.
 
 
 3
 In his first amended complaint, Burley alleged, among other things, that the defendants conspired to deprive him of his due process rights in connection with the settlement of a discrimination claim. Burley alleged that the defendants forced him to settle a discrimination claim and failed to inform him that the settlement would prevent him from bringing a "private lawsuit". According to Burley's first amended complaint, he became aware of the effect of his settlement on March 28, 1993, when he received a letter from an employee of the California Department of Fair Housing and Employment, informing Burley that he waived his right to bring a "private lawsuit" by executing a general release. On December 6, 1995, Burley brought this action.
 
 
 4
 Contrary to Burley's protestations, the relevant statute of limitations is one year. See McDougal v. County of Imperial, 942 F.2d 668, 673 (9th Cir.1991); Usher v. City of Los Angeles, 828 F.2d 556, 558 (9th Cir.1987); see also Cal.Civ.Proc.Code § 340(3) (West 1996). Because it is apparent on the face of Burley's first amended complaint that the time for filing his action ran on March 29, 1994, the district court properly dismissed his action as time-barred. See Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3