122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Earnest A. DARDEN, Plaintiff-Appellant,
v.
ALAMEDA COUNTY NETWORK OF MENTAL HEALTH CLIENTS; Sally
Zinman; Lisa Connor; Nancy Thomas; Jim McClure;
Paul Clairmont, Defendant-Appellees.
 No. 96-16657.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Aug. 29, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-95-00783-MHP; Marilyn H. Patel, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Earnest A. Darden appeals pro se the district court's dismissal of his civil-rights action for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim, see Everest & Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994), and we affirm the dismissal of Darden's 42 U.S.C. §§ 1985(3), 1986, 1997d, and 2000d claims for the reasons stated in the district court's order dated July 26, 1996. Because Darden's concessions established that there were not sufficient facts to establish that defendants were acting under color of state law, we conclude that the district court properly dismissed Darden's 42 U.S.C. § 1983 claim without leave to amend. See George v. Pacific-CSC Work Furlough, 91 F.3d 1227, 1230-32 (9th Cir.1996), cert. denied, 117 S.Ct. 746 (1997).
 
 
 4
 Because we have concluded that the district court did not err in dismissing Darden's action for failure to state a claim, we deny his requests for injunction relief filed with this court as moot.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Darden's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Insofar as Darden references Title VII and 42 U.S.C. § 1981 in his opening brief, we find no exceptional circumstances exist to consider claims which were not raised before the district court. See International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985)