122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack H. HOCKER, Plaintiff-Appellant,
v.
Fredrico PENA, Department of Transportation Agency,
Defendant-Appellee.
 No. 96-16917.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Aug. 29, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-94-20245-RMW/EAI; Ronald M. Whyte, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jack H. Hocker appeals pro se the district court's dismissal of his employment-discrimination action for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, see Everest & Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994), and we affirm.
 
 
 3
 On April 5, 1991, Hocker was terminated from his position with the Federal Aviation Administration ("FAA") for failure to meet the medical requirements for his position. On December 12, 1991, the Merit Systems Protection Board ("MSPB") issued a decision that Hocker should be reinstated and that the FAA should issue a feasibility assessment of waiving the medical requirement.
 
 
 4
 On July 7, 1992, Hocker filed his first petition to enforce the MSPB's December 1991 decision. This petition was voluntarily dismissed by Hocker.
 
 
 5
 On January 7, 1993, Hocker filed his second petition to enforce the MSPB's December 1991 decision. On April 16, 1993, an administrative law judge ("ALJ") recommended that the MSPB find the FAA's feasibility assessment inadequate and deny Hocker's request for compensatory damages. On July 12, 1994, the MSPB declined to adopt the ALJ's recommendation and remanded Hocker's case for a determination of compensatory damages.
 
 
 6
 On September 27, 1994, Hocker entered into a settlement agreement in which he waived "all claims ... and all rights to file a civil action against the United States Department of Transportation which arise out of [Hocker's] Motion for Enforcement of Board's Order, dated January 7, 1993...."
 
 
 7
 Hocker's action in the district court seeks review of the MSPB's July 1994 order.
 
 
 8
 The district court properly concluded, as a matter of law, that the settlement agreement barred the claims raised in Hocker's amended complaint. See United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir.1992).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3