78 F.3d 593
 Fed. Sec. L. Rep. P 99,075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael Ben LAVIGNE, Petitioner,
v.
SECURITIES AND EXCHANGE COMMISSION, Respondent.
 
 1
 No. 94-70336.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted Oct. 19, 1995.
Decided Feb. 22, 1996.
 
 3
 Before: REINHARDT and TROTT, Circuit Judges, and SCHWARZER, District Judge.*
 
 
 4
 MEMORANDUM**
 
 
 5
 We affirm the opinion of the Securities and Exchange Commission affirming the sanctions the National Association of Securities Dealers, Inc. ("NASD") imposed on Lavigne, the former president and co-compliance officer of RCL Northwest Inc. ("RCL"), for violation of Article III, Sections 1 and 27, of the NASD's Rules of Fair Practice. We review a decision by the SEC to determine whether it was "arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence on the record taken as a whole.... [T]he agency determination will not be set aside unless it is clearly erroneous or inconsistent with the regulation or demonstrably irrational." Wilmot Psychiatric/Medicenter Tucson v. Shalala, 11 F.3d 1505, 1506 (9th Cir.1993) (internal quotations and citations omitted).
 
 
 6
 Lavigne argues that the NASD lacked authority to punish him personally for permitting Sodorff to remain associated with RCL. He argues that the NASD only has authority to punish its "members" for this type of violation. Therefore, the NASD could punish RCL--a "member" of the NASD--for failure to enforce the bar, but not Lavigne, who was a "person associated with a member."
 
 
 7
 The NASD punished Lavigne for violation of the Rules of Fair Practice. Article I, Section 5(a) of the Rules provides that "[p]ersons associated with a member shall have the same duties and obligations as a member under these Rules of Fair Practice." Rules of Fair Practice, Art. I, § 5(a), NASD Manual (CCH) p 2005, p. 2011. Thus, the NASD had authority to punish Lavigne as well as RCL.
 
 
 8
 Lavigne also argues that he is not liable for failure to enforce the bar because, under then-existing NASD policy, the bar could not become effective until thirty days after its issuance--by which time Lavigne had complied by ordering Sodorff to stop conducting business at RCL. However, the SEC's decision adequately considered this argument and found it unpersuasive. It noted:
 
 
 9
 RCL, through Lavigne, filed a Form U-5 in mid-September [prior to the expiration of the thirty days subsequent to the order barring Sodorff], representing that Sodorff had been terminated. Moreover, even if Lavigne had been correct that Sodorff's bar was not effective for thirty days, Sodorff continued to transact securities business at RCL until at least October 18, over sixty days after the NASD's decision.
 
 
 10
 E.R. 11 at 6 (Michael Ben Lavigne, Securities Exchange Act Rel. No. 33951 (April 21, 1994)). The SEC made clear that its decision would have been the same even if the order had not been effective for thirty days. It concluded that, "We believe that [Lavigne] abrogated his responsibility in order to retain the firm's largest producer. We find that the sanctions are neither excessive nor oppressive." We need not reach the issue, therefore, of whether the thirty-day effective date was applicable to the NASD's order.
 
 
 11
 Moreover, substantial evidence supported the SEC's affirmance of the NASD's decision to sanction Lavigne for failure to supervise Sodorff. A president of a broker-dealer
 
 
 12
 is responsible for compliance with all of the requirements imposed on his firm unless and until he reasonably delegates particular functions to another person in that firm, and neither knows nor has reason to know that such person's performance is deficient.
 
 
 13
 Universal Heritage Investments Corp., 47 S.E.C. 839, 845 (1982). Even if Lavigne delegated supervision of Sodorff (a proposition the SEC questioned), substantial evidence supports the conclusion that Lavigne had reason to know such supervision was deficient. For instance, RCL records indicate that Sodorff earned $11,911 in commissions for the month of September--the most of any RCL-registered representative. The SEC could rationally have concluded that Sodorff's September commission total gave Lavigne reason to know that supervision of Sodorff was deficient.
 
 
 14
 In sum, the NASD had authority to sanction Lavigne for failing to adequately enforce the Sodorff bar. The SEC made clear that it would have upheld the sanctions against Lavigne regardless of whether the Sodorff bar was immediately effective. Substantial evidence supported the SEC's decision to uphold the NASD sanctions. Therefore, we affirm the SEC's decision and deny Lavigne's petition.
 
 
 15
 PETITION DENIED.
 
 
 16
 REINHARDT, Circuit Judge, concurring in part and dissenting in part.
 
 
 17
 There is no question that the SEC was correct in holding that under the facts of this case the imposition of a premature ban did not invalidate the conviction. There is also no question--although the majority does not address the issue--that the penalty was improperly imposed on the basis of the total purported conduct occurring over a 60-day period, since, under the NASD's rules at the time, the bar did not take effect until after the first 30 days of that 60-day period. The only real question to be answered is whether the penalty that was improperly based on both lawful and unlawful conduct can be upheld on the basis that it would have been imposed even had the agency considered only the unlawful conduct, i.e., the conduct occurring during the last 30 days of the 60-day period.
 
 
 18
 Nowhere in the record is there any statement by either agency that in determining the punishment it considered only the conduct that occurred during the second half of the 60-day period. Nor is there any statement by either agency that it would have imposed the same punishment had it considered only the conduct that occurred after the bar became effective. Thus, the undisputed facts are that (1) Lavigne was punished for conduct that was permissible as well as conduct that was prohibited and, (2) there is no way to determine on the basis of the record before us whether or not the same penalty would have been imposed had the agencies considered only the prohibited conduct. Under these circumstances, there is no alternative to vacating the penalty and remanding for a new penalty determination. Perhaps upon reconsideration, it would have been less severe.
 
 
 
 *
 The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3