78 F.3d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INLAND PACIFIC CHAPTER OF ASSOCIATED BUILDERS AND
CONTRACTORS, a Non-profit Washington Corporation;
Rainbow Electric, Inc., a Washington
Corporation; et al.,
Plaintiffs-Appellees,
v.
Joseph A. DEAR, Director; Department of Labor and
Industries of the State of Washington; the
Washington State Apprenticeship and
Training Council; State of
Washington; Defendants,
and
Washington State Building and Construction Trades Council;
Spokane Area Electrical Joint Apprenticeship and Training
Committee; Inland Empire Plumber, Steamfitter,
Refrigeration Fitter Joint Apprenticeship Training
Committee; Washington State Association of Electrical
Workers; Washington State Association of Plumbers and
Pipefitters, Intervenors-Appellants.
INLAND PACIFIC CHAPTER OF ASSOCIATED BUILDERS AND
CONTRACTORS, a Non-profit Washington Corporation;
Rainbow Electric, Inc., a Washington
Corporation; et al.,
Plaintiffs-Appellants,
v.
WASHINGTON STATE BUILDING AND CONSTRUCTION TRADES COUNCIL;
Spokane Area Electrical Joint Apprenticeship and Training
Committee; Inland Empire Plumber, Steamfitter,
Refrigeration Fitter Joint Apprenticeship Training
Committee; Washington State Association of Electrical
Workers; Washington State Association of Plumbers and
Pipefitters, Intervenors-Appellees,
and
Joseph A. Dear, Director; Department of Labor and
Industries of the State of Washington; the
Washington State Apprenticeship and
Training Council; State of
Washington,
Defendants-Appellees.
 Nos. 93-35568, 93-35602.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 4, 1994.
Submission Deferred Aug. 15, 1994.
Resubmitted June 29, 1995.
Decided Feb. 23, 1996.
 
 Appeals from the United States District Court, for the Eastern District of Washington, D.C. No. CV-92-00354-JLQ; Justin L. Quackenbush, District Judge, Presiding.
 E.D.Wash.
 AFFIRMED.
 Before: ALARCON, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs are contractors and an apprenticeship program they operate. They sought injunctive and other relief, because the State of Washington refused to register their apprenticeship program. Intervenors are unions and an apprenticeship program the unions operate, which oppose the relief sought by plaintiffs. Plaintiffs contended that some of the state's apprenticeship program registration requirements were preempted by ERISA. The district court issued a preliminary injunction, granting in part and denying in part the relief sought. Although a "Judgment in a Civil Case" was signed, it does not purport to be a permanent injunction or to grant any permanent relief. The district court then entered an "order to close file" reciting that a preliminary injunction had been granted, and closed the file until we ruled on the appeal. The purpose of this procedure appears to have been to stay proceedings in district court until this appeal determined the merits of the preliminary injunction.
 
 
 3
 The contractors have appealed the district court determination, to the extent it denied relief they sought. The unions have appealed, to the extent that the district court granted relief to the contractors. The State of Washington has not appealed, but has filed a brief in opposition to the contractors' appeal.
 
 
 4
 We deferred submission of this case, pending decision in Dillingham Construction Co. v. County of Sonoma, 57 F.3d 712 (9th Cir.1995) petition for cert. filed, 64 U.S.L.W. 3380 (U.S. Nov. 16, 1995) (No. 95-789). That case has now come down, as well as another, controlling on several issues left open in that case. ABC National Line Erection Apprenticeship Training Trust v. Aubry, 68 F.3d 343 (9th Cir.1995). We have now decided another Washington apprenticeship program ERISA preemption case, Inland Empire v. Dear, No. 93-36022 (9th Cir. February 21, 1996), which controls on many of the issues in the case at bar.
 
 
 5
 I. Standing.
 
 
 6
 The State of Washington argues that the contractors lack standing and ripeness, because they had not applied for state approval since 1986. Standing and ripeness are established in favor of the contractors, pursuant to our decision in Inland Empire.
 
 
 7
 The contractors argue that the unions lack standing, because they have no direct interest in the state regulations at issue. The practical interest of the unions is that they operate the state approved apprenticeship program, with which the contractors' program would compete. Also, the state regulations protect union labor from bids at below the "prevailing rate" based on apprentice labor from the contractors' program. See Inland Empire.
 
 
 8
 The contractors point out that a Sixth Circuit case, Associated Builders & Contractors v. Perry, 16 F.3d 688 (6th Cir.1994), dismissed an appeal because the intervenor-appellants lacked independent standing after the state defendant had failed to appeal on its own behalf. But we decided in Didrickson v. U.S. Dep't of Interior, 982 F.2d 1332 (9th Cir.1992), that advocacy groups who favored a regulation could support a regulation on appeal, even though the government agency issuing the regulations did not.
 
 
 9
 Under Didrickson, the unions have standing. The unions argue that under the challenged regulations, there can be only one apprenticeship program in a geographic area, which is in fact theirs, and the preliminary injunction will allow more programs, and force their workers to compete on public works jobs with apprentices from contractors' programs paid less than the "prevailing wage." This economic interest in avoiding increased competition is injury in fact under ILWU v. Meese, 891 F.2d 1374, 1379 (9th Cir.1989).
 
 
 10
 II. The preliminary injunction.
 
 
 11
 The grant or denial of a preliminary injunction will be reversed only where the district court abused its discretion, or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. Miller v. California Pacific Medical Ctr., 19 F.3d 449, 455 (9th Cir.1994) (en banc). Review of a preliminary injunction is "much more limited than review of an order involving a permanent injunction." Sports Form, Inc. v. United Press Int'l, Inc., 686 F.2d 750, 752 (9th Cir.1982). The "probable success on the merits" criterion for the exercise of discretion to grant a preliminary injunction necessarily implies that the merits have not yet been determined with finality. On review, we may therefore "intimate no view with respect to how we would decide" on the merits. Id. at 754. The "limited scope of review" implies that our decision on appeal of a preliminary injunction decision "may provide little guidance" on the merits:
 
 
 12
 We emphasize the ways in which review of an order granting or denying a preliminary injunction differs from review of an order involving a permanent injunction because we are persuaded that in some cases, parties appeal orders granting or denying motions for preliminary injunctions in order to ascertain the views of the appellate court on the merits of the litigation. Because of the limited scope of our review of the law applied by the district court and because the fully developed factual record may be materially different from that initially before the district court, our disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits.
 
 
 13
 Id. at 753.
 
 
 14
 The preliminary injunction prohibited the State of Washington from rejecting the contractors' apprenticeship program application on the ground that the geographic area already had an apprenticeship program, and denied other relief. This may not matter anymore, because federal approval, and preemption of the state prevailing wage limitation under Dillingham, ABC, and Inland Empire, may obviate the contractors' need to obtain state approval. The analysis of preemption may be different from what it would have been without those cases.
 
 
 15
 The district court has not yet had an opportunity to evaluate the claims in light of Dillingham, ABC, and Inland Empire. In addition, because of those developments in the law, the parties to this appeal may decide that their interests are now different, and may take different positions, or withdraw from the case altogether. In this circumstance, review on the merits would amount to an advisory opinion prior to a district court decision.
 
 
 16
 Under the legal standards in effect when the district court granted in part and denied in part the preliminary relief sought by the contractors, the district court did not abuse its discretion in its evaluation of probable success on the merits. As for the probability of success on the merits in light of the law as it has since developed, that determination must be made in the first instance by the district court. We shall not intimate a decision on the merits, because the district court has not made a final determination on the merits, and its evaluation of probable success on the merits did not have the benefit of important decisions directly on point.
 
 
 17
 III. Attorney's fees.
 
 
 18
 The contractors' request for attorneys' fees on appeal is denied.
 
 
 19
 The district court's preliminary injunction in AFFIRMED. The case is REMANDED to the district court for final disposition on the merits.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3