78 F.3d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FULLY INFORMED JURY ASSOCIATION; Cal-Fija; Liberty Lobby,
Inc.; Dave Cadway; Jim Harnsberger, Plaintiffs-Appellants,
v.
COUNTY OF SAN DIEGO; City of San Diego; Michael Sgobba,
San Diego Marshal; Jerry Sanders, Chief of
Police, San Diego Chief of Police; Jim
Roach, San Diego County
Sheriff;
Defendants-Appellees.
 No. 95-55121.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 17, 1995.
Decided Feb. 23, 1996.
 
 1
 Before: POOLE and O'SCANNLAIN, Circuit Judges, MARQUEZ, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellants appeal from the district court's denial of their motion for preliminary injunctive relief in their 42 U.S.C. § 1983 action challenging the constitutionality of two general orders issued by the San Diego Superior Court. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and affirm the judgment of the district court.
 
 
 4
 The first regulation, General Order 102093, prohibits
 
 
 5
 [t]he distribution or attempted distribution of any written materials tending to influence, interfere or impede the lawful discharge of the duties of a trial juror, and communication or attempt so to communicate with any person summoned, drawn, or serving as a trial juror in these courts for purposes of so influencing, interfering, or impeding the lawful discharge of the duties of a trial juror in or within 50 yards of any public entrance to the facilities within which Courts conduct jury trials within this County.
 
 
 6
 Even assuming this is a content-based restriction on political speech in a public forum, and so entitled to the most exacting scrutiny, we find that the regulation is necessary to serve the state's compelling interest in protecting the integrity of the jury system and is narrowly drawn to achieve that end. Therefore, the regulation survives appellants' First Amendment challenge. See Burson v. Freeman, 504 U.S. 191, 198-200 (1992); Cox v. Louisiana, 379 U.S. 559, 562 (1965).
 
 
 7
 The second regulation, General Order 2-14-94, ordered all
 
 
 8
 vendors and distributors of newspapers distributed from newsracks currently placed on the sidewalk bordering the front entrance of the San Diego County Courthouse [to] remove said newsracks to another location within two weeks.
 
 
 9
 This content neutral regulation is narrowly tailored to further the significant state interest in securing the area around the courthouse and leaves open ample alternative channels for communication of the information, and so too passes constitutional muster. See Ward v. Rock Against Racism, 491 U.S. 781, 791, 796-99 (1989).
 
 
 10
 Both challenged regulations are thus proper exercises of a court's inherent authority to take supervisory and administrative actions necessary to implement its judicial functions. Because we agree that appellants failed to show any likelihood of success on the merits of their constitutional claims, and because the record reveals that they delayed seeking injunctive relief, we conclude that the district court did not abuse its discretion in denying injunctive relief. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Alfredo C. Marquez, United States Senior District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3