78 F.3d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert KELLER, Plaintiff-Appellant,
v.
FRESNO CITY COLLEGE, State Center Community College
District; State Center Community College District Board of
Trustees; Arthur Ellish; Bill F. Stewart; Brice W. Harris
and Henry M. Fadden, Defendants-Appellees.
 No. 94-16745.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 16, 1995.
Decided Feb. 27, 1996.
 
 1
 Before: GOODWIN and HAWKINS, Circuit Judges, and FITZGERALD, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff appeals from the denial of his application for a preliminary injunction. Keller established a primae facia case of discrimination (based on drug-dependency treatment he received), and seeks reinstatement as Director of the Police Academy at Fresno City College. We affirm the interlocutory order.
 
 
 4
 The district court's findings of fact were not clearly erroneous, nor did the court abuse its discretion. The court's language may have conflated the legal standards for Title VII mixed-motive and pretext cases. However, the record contains ample evidence to support the denial of preliminary injunction.
 
 I.
 
 5
 Keller had been Director of the Police Academy for twelve years. During that time he received no formal discipline, but for the six years prior to his reassignment, Keller's doctors had prescribed Vicodin, a narcotic painkiller for various injuries Keller has suffered. Keller realized he was becoming addicted to the drug and voluntarily admitted himself to a treatment center on February 27, 1994. He returned from the hospital on March 24, 1994.
 
 
 6
 Upon his return from the hospital Keller was reassigned to a new position as Director of the Clovis Center. Keller established a prima facia case that this reassignment was discrimination under the Rehabilitation Act of 1973 and the Americans with Disabilities Act, 29 U.S.C. Section 706, 794, 42 U.S.C. Section 12210(a); 29 C.F.R.App. Section 1630.3(b).
 
 
 7
 At the preliminary injunction hearing defendants submitted affidavits alleging, for the first time, reasons for reassigning Keller, including rule violations, inadequate leadership, fraud, personnel conflicts, bigotry and sexual harassment of a subordinate.
 
 
 8
 The district court took two days of testimony on August 26 and September 8, 1994 on the question whether the defendants had legitimate, non-pretextual reasons for reassigning Keller. In essence the defendants, through Dr. Harris, the President of Fresno City College, claimed to have been considering reassigning Keller before he learned of Keller's drug rehabilitation. The only proof that these concerns and considerations occurred prior to the briefing for the preliminary injunction is the testimony of the College administrators. They claimed to have taken no earlier formal action against Keller for his lack of leadership at the Academy and his violations of school policy because of his long years of service to the College.
 
 
 9
 The district court found that the College had adequate, legitimate, nonpretextual reasons for reassigning Keller and denied the request for a preliminary injunction reinstating him to his prior position at the College.
 
 
 10
 A district court may grant preliminary injunctive relief if the moving party demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tip sharply in its favor. E.E.O.C. v. Recruit U.S.A. Inc., 939 F.2d 746, 752 (9th Cir.1991). These are not separate tests, but the outer reaches of a single continuum. Id. (Internal cites omitted).
 
 
 11
 A district court's order granting or denying preliminary injunctive relief is subject to limited review. The interlocutory order will be reversed only where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of facts. Miller v. California Pacific Medical Center, 19 F.3d 449, 455 (9th Cir.1994) (en banc). This standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed. Concrete Pipe & Prod. v. Const. Laborers Pension Trust, --- U.S. ----, ----, 113 S.Ct. 2264, 2280 (1993) (internal quote omitted). Issues of law underlying the decision on a preliminary injunction are reviewed de novo. Contract Services v. Aubry, 62 F.3d 294, 297 (9th Cir.1995).
 
 II.
 
 12
 The district court applied the correct standard of proof. Title VII standards of proof apply to cases under the Rehabilitation Act of 1973 and the Americans with Disabilities Act. Smith v. Barton, 914 F.2d 1330, 1339-1340 (9th Cir.1990); 42 U.S.C. 12117(b) (1995). The district court properly treated Keller's claims under the Title VII standards of proof.
 
 
 13
 The district court weighed the evidence before it and found that the College had valid, nonpretextual reasons for reassigning Keller. Even though the district court mistakenly labeled this a mixed-motive analysis does not result in reversible error. If the court had applied a pure mixed-motive analysis, the record might still support the denial of preliminary injunction. The defendants have a lesser burden under the pretext case analysis that Keller advocates than they would under a mixed-motives analysis.
 
 
 14
 The district court heard conflicting testimony and specifically found that defendants had shown nonpretextual reasons for the reassignment of Keller. The district court believed the testimony of the college administrators. Special deference is paid to a trial court's credibility findings. Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). It is well within the trial court's discretion at the preliminary injunction phase to determine that plaintiff's probability of success on the merits is low.[1]
 
 
 15
 The district court must be affirmed if the result is correct, although the court may have relied upon a wrong ground or gave a wrong reason. SEC v. Chenery Corp., 318 U.S. 80, 88 (1943) ("It would be wasteful to send a case back to a lower court to reinstate a decision which it had already made but which the appellate court concluded should properly be based on another ground ..."); Martin v. International Olympic Committee, 740 F.2d 670 (9th Cir.1984) (affirming denial of preliminary injunction where district court applied erroneous standard in assessing likelihood of success on the merits).
 
 
 16
 The district court received conflicting testimony about the reasons that were considered and when the defendants began having concerns about plaintiff's performance. The court heard two days of oral testimony, and found the defendants had ample evidence for legitimate reassignment of the plaintiff. These findings were not clearly erroneous or an abuse of discretion.
 
 
 17
 The fact that the district court chose to believe the defendant's despite the fact their testimony was comprised of previously undocumented accusations of misconduct is within the district court's discretion. The plaintiff will be able to point out any conflicting, or self-serving elements of the defendants' evidence at the trial if he chooses to proceed further.
 
 
 18
 AFFIRMED.
 
 HAWKINS, Circuit Judge, concurring:
 
 19
 To me, this case fairly smacks of pretext. The first communication Mr. Keller received concerning the status of his employment was the letter of March 25, 1994, expressing concern about his "problem," which could have meant nothing other than his having sought treatment for his prescription drug dependency. After the College must have learned that they could not take action against Mr. Keller for this reason, the job action the College chose was to reassign Mr. Keller to a position that, at the moment of the reassignment, did not exist. The College then seized upon Mr. Keller's allegedly unacceptable past job behavior, not documented at all in his personnel records, as a basis for the transfer. Interestingly, Mr. Keller's past job behavior was not offered as a reason for the transfer until the preliminary injunction stage. At the first hearing, the College maintained that Mr. Keller was qualified to be the Director of the Police Academy but was transferred because of a "dire need" for an administrator at the Clovis Center.[1]
 
 
 20
 Nevertheless, I join the majority's conclusion to affirm. I do not, however, share the majority's view of the merits of this claim. We review here the denial of a preliminary injunction. When this matter is tried to a jury, Mr. Keller's peers may see through what appears very much to be a subterfuge. But we are not yet at the merits, and the standard we apply to the review of preliminary injunction denial would, in order to reverse, require us to find that the district judge abused his discretion. America West Airlines, Inc. v. National Mediation Bd., 986 F.2d 1252, 1258-59 (9th Cir.1992). Although I might well have decided this case differently, I cannot say that this district judge did so.
 
 
 
 *
 The Honorable James Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because the district court concluded that Mr. Keller's probability of success on the merits was unlikely, it is not necessary to address plaintiff's argument that he has shown irreparable harm. Plaintiff is correct that the court is required to consider the nature of the alternative work and not just the salary. See Chalk v. U.S. District Court, 840 F.2d 701, 709 (9th Cir.1988). Here there is conflicting testimony about the nature of the work that would support the trial court's denial of preliminary injunction
 
 
 [1]
 Saying there is a "dire need" for a job that did not exist is, as President Lyndon Johnson would say, a dog that will not hunt