78 F.3d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Armik MARKARIAN, Plaintiff-Appellant,
v.
Robert G. BORG, Warden; C.A. Moore, Defendants-Appellees.
 No. 94-16835.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Armik Markarian, a California state prisoner, appeals pro se the district court's summary judgment for defendant prison officials in his 42 U.S.C. § 1983 action. Markarian contends that the defendants' refusal to transfer him to another prison facility violated the Eighth Amendment because Markarian subsequently suffered injuries in a physical altercation with another inmate. Markarian also requested the district court to issue an order granting him access to the prison law library and an injunction preventing prison officials from transferring him to another prison. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Jesinger v. Nevada Federal Credit Union, 24 F.3d 41127, 1130 (9th Cir.1994) and we affirm.
 
 
 3
 Markarian requested the district court to issue an order granting him access to the prison law library to prosecute the present action. The magistrate judge's report recommending the granting of the defendants' summary judgment motion acknowledged, but did not address, Markarian's request to use the prison law library. This claim, however, is not outstanding because it was rendered moot by Markarian's transfer to another prison facility prior to the magistrate judge's issuance of his findings and recommendation. See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir.1995). Because the district court's order terminated this lawsuit, this court has jurisdiction because it is a final appealable order.[1] See 28 U.S.C. § 1291.
 
 
 4
 The Eighth Amendment imposes a duty upon prison officials to take reasonable steps to protect prisoners from violence at the hands of other prisoners. See Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994). To establish liability under the Eighth Amendment based on a failure to prevent harm, the prisoner must meet an objective and subjective test. See Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.1994) cert. denied, 115 S.Ct. 1645 (1995). To satisfy the objective test, the inmate must demonstrate that he was incarcerated under conditions "posing a substantial risk of serious harm." Farmer, 114 S.Ct. at 1977. To satisfy the subjective test, the inmate must demonstrate that the prison officials were deliberately indifferent to his health or safety. See id.
 
 
 5
 Here, Markarian failed to satisfy the objective test. Markarian requested a new building assignment because he was allegedly having problems with other inmates. Although Markarian subsequently had a fight with another inmate, Markarian suffered no injuries as a result of this altercation. Because Markarian did not suffer injury, the district court properly granted the defendants' summary judgment motion. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Markarian's request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Markarian's request for an injunction preventing prison officials from transferring him from New Folsom Prison and taking other retaliatory action was not supported by sufficient evidence of retaliatory motive. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir.1995)