78 F.3d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kim HUSSEIN, Plaintiff-Appellant,
v.
RABAN SUPPLY CO., Defendant-Appellee.
 No. 95-15914.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kim Hussein appeals pro se the district court's summary judgment in favor of Raban Janitorial & Paper Supply Company ("Raban") dismissing her Title VII claim. Hussein alleges that she was terminated by Raban because of her race, national origin, and religion. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review the grant of summary judgment de novo. Wallis v. J.R. Simplot Co., 26 F.3d 885, 888 (9th Cir.1994).
 
 ANALYSIS
 I. Race and National Origin Discrimination
 
 4
 To successfully make out a Title VII employment discrimination claim, the plaintiff must first establish a prima facie case of discrimination. Wallis, 26 F.3d at 889. If the plaintiff is able to do so, the defendant must then articulate a legitimate nondiscriminatory reason for the adverse employment decision. Id. Should the defendant successfully make out such a justification, the plaintiff then must demonstrate that the employer's proffered reason is but a pretext for another motive which is discriminatory in order to prevail. Id.
 
 A. Prima Facie Case
 
 5
 Hussein may establish a prima facie case of discriminatory discharge sufficient to survive a motion for summary judgment by showing that (i) she was within a protected class; (ii) she was doing her job well enough to rule out the possibility that she was fired for inadequate job performance; and (iii) her employer sought a replacement with qualifications similar to her own, thus demonstrating a continued need for the same services and skills. Sengupta v. Morrison-Knudsen Co., Inc., 804 F.2d 1072, 1074-75 (9th Cir.1986).
 
 
 6
 Here, Raban did not attempt to fill Hussein's position following her termination, and instead laid off two more workers from Hussein's department just a few months later. Hussein did not produce any evidence demonstrating that Raban had a continuing need for her services and skills, and therefore failed to make out a prima facie case under this model.[1]
 
 
 7
 Alternatively, plaintiffs claiming discriminatory discharge can also establish a prima facie case by offering evidence adequate to create an inference that an employment decision was based on discriminatory criteria illegal under Title VII. Mitchell v. Office of Los Angeles County Superintendent of Schools, 805 F.2d 844, 846 (9th Cir.1986), cert. denied, 484 U.S. 858 (1987). Here, Hussein, an Asian Indian, argued that she had more seniority than two Caucasian employees, Diana Baker and Melissa Gualco, who were discharged several months after she was terminated. Hussein also alleged that she did not receive an evaluation and raise after three months of employment in accordance with company policy. Furthermore, Hussein alleged that her supervisor told her that she was doing well in her job and there were no complaints with her performance. Hussein also alleged that her personnel manager inquired about her accent and national origin, and made derogatory comments about the fact that her marriage was arranged. Considering this evidence in the light most favorable to plaintiff, the district court correctly determined that Hussein raised a reasonable inference that the reason she was discharged was discriminatory. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 
 8
 B. Legitimate Nondiscriminatory Justification
 
 
 9
 Economic difficulty requiring a reduction in the work force constitutes a legitimate nondiscriminatory reason for employee discharges. See, e.g., Sengupta, 804 F.2d at 1075 (collapse of shale oil industry provided legitimate basis for employee termination).
 
 
 10
 In the present case, Raban states that from August 1992 through February 1993, the company lost four major accounts which represented approximately twenty percent of its sales. The company alleges that Raban's business downturn necessitated the layoff of fifteen workers, including Hussein, throughout various departments of the company. It further alleges that the layoffs were determined based upon each department's needs, each worker's seniority, and job performance. Raban contends that Hussein's termination was based solely on these considerations. The company also disputes Hussein's contention that she was more senior than Baker and Gualco, and further points out that the majority of the personnel laid off were Caucasian. Raban's economic difficulties in the present case are sufficient to rebut Hussein's inference of discrimination, and the burden therefore returned to Hussein to show that Raban's business downturn explanation was merely pretext for a discriminatory motive. See Sengupta, 804 F.2d at 1075.
 
 C. Pretext
 
 11
 Hussein cannot meet her burden of raising a genuine factual question of pretext by merely restating her prima facie case and challenging the credibility of Raban's witnesses. See Lindahl v. Air France, 930 F.2d 1434, 1437-38 (9th Cir.1991). Instead, she must produce "specific, substantial evidence of pretext." Wallis, 26 F.3d at 890 (quoting Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983)). In other words, she "must tender a genuine issue of material fact as to pretext in order to avoid summary judgment." Id. To survive summary judgment at this stage of analysis, the plaintiff must demonstrate the existence of evidence of some additional facts that would allow a jury to find that the defendant's proffered reason is pretext and that the real reason for its actions was intentional discrimination. See, e.g., Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).
 
 
 12
 In the present case, Hussein presented no evidence suggesting that Raban's economic difficulties were exaggerated or fraudulent, nor was she able to produce additional evidence supporting her claim that she had more seniority than the two employees discharged after her. To the contrary, the EEOC investigative report into Hussein's claim expressly found that the two employees discharged after Hussein had more seniority. See Plummer v. Western Int'l Hotels Co., 656 F.2d 502, 505 (9th Cir.1981) (EEOC determinations are "highly probative" admissible evidence in Title VII suits).[2] Because Hussein failed to present "specific, substantial evidence" to refute Raban's legitimate explanation for her layoff, the district court correctly held that summary judgment was appropriate. See Wallis, 26 F.3d at 890.
 
 
 13
 II. Religious Discrimination.
 
 
 14
 To establish a prima facie case of religious discrimination under Title VII, the plaintiff has the burden of pleading and proving that (i) she had a bona fide religious belief; (ii) she informed her employer of her religious views and that they were in conflict with responsibilities as an employee; and (iii) she was discharged for her inability to fulfill the disputed job duty. EEOC v. Hacienda Hotel, 881 F.2d 1504, 1512 (9th Cir.1989). If the employee successfully makes out a prima facie case, the burden shifts to the employer to prove that it made good faith efforts to accommodate the employee's religious beliefs. Id.
 
 
 15
 In the present case, Hussein did not mention her religious affiliation in any of her pleadings, nor did she ever allege that her religious affiliation was disclosed to Raban. In short, Hussein presents no evidence even suggesting that she was discharged for her inability to fulfill a job duty due to her religious beliefs. The district court was therefore correct in granting summary judgment in favor of Raban.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Hussein's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hussein submits a newspaper classified advertisement for an accounts receivable clerk at Raban as evidence that Raban sought to replace her unfairly. The advertisement is dated November 13, 1992, however, well prior to Hussein's termination on February 16, 1993, and therefore cannot be seen as an effort by Raban to refill her position with a new hire
 
 
 [2]
 Even assuming arguendo that Hussein had greater seniority than her Caucasian co-workers, Raban's policy for determining the order of terminations was based on seniority and job performance. Hussein failed to introduce facts that would allow a jury to find that racial discrimination was responsible for the timing of her discharge rather than her job performance, and summary judgment is therefore appropriate. See Burdine, 450 U.S. at 256