78 F.3d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dewayne McGRUDER, Plaintiff-Appellant,
v.
KERN COUNTY, CALIFORNIA; Dr. Wrobel; Dr. Byfields,
Defendants-Appellees.
 No. 95-15400.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 DeWayne McGruder, a California state prisoner, appeals pro se the district court's dismissal of defendants Kern County and two County physicians from his 42 U.S.C. § 1983 action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). McGruder claims that defendants exhibited deliberate indifference to his serious medical needs by failing to provide him with proper treatment for a brain tumor. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal of an action pursuant to Rule 12(b)(6). See Everest & Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989).
 
 
 4
 To establish a violation of the Eighth Amendment, McGruder must show that defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989). The indifference to medical needs must be substantial; inadequate treatment due to malpractice, or even negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106; McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). A difference of opinion over proper medical treatment does not constitute deliberate indifference. Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 5
 Here, McGruder alleges that he did not receive proper medical care at Kern County Medical Center regarding the removal of his brain tumor. However, it is undisputed that, after tests revealed a brain tumor, Dr. Wrobel performed surgery to remove it. Following surgery, McGruder received 5 weeks of radiation therapy which he alleges Dr. Byfields conducted in a negligent fashion. McGruder alleges that, because of the surgery and radiation, he incurred an infection, as well as damage to his skull. A second operation allegedly failed to correct this damage. McGruder alleges that he has been rendered disabled as a result of this "reckless negligence" and "malpractice."
 
 
 6
 Here, McGruder failed to allege that defendants either purposefully ignored or failed to respond to his medical needs. See McGuckin, 974 F.2d at 1060. At most, McGruder alleges negligence, which does not state a claim under the Eighth Amendment. See id. at 1059. In addition, although McGruder clearly has a difference of opinion regarding proper treatment for his brain tumor, a mere difference of opinion is not sufficient to state a claim for deliberate indifference to serious medical needs. See Estelle, 429 U.S. at 106; Franklin, 662 F.2d at 1344.
 
 
 7
 Accordingly, the district court did not err in dismissing the defendants pursuant to Fed.R.Civ.P. 12(b)(6). See Everest & Jennings, 23 F.3d at 228; Franklin, 662 F.2d at 1344.
 
 
 8
 McGruder also raises state-law claims of medical malpractice and negligence in his complaint. Because the district court may dismiss pendent state-law claims where all federal claims have been dismissed, we conclude that the district court did not err by dismissing these state-law claims. See Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir.1990).[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, McGruder's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees' motion to strike appellant's reply brief is hereby denied