78 F.3d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johanna De Los Angeles HERNANDEZ-RODRIGUEZ; Roxana
Cristabel Hernandez, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70012.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 1
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Johanna De Los Angeles Hernandez-Rodriguez, and her minor child Roxana Cristabel Hernandez, natives and citizens of Nicaragua, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ"), denying their applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we grant the petition for review.
 
 
 4
 Because the BIA clearly incorporated the IJ's opinion, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).[1] We review the factual findings regarding an applicant's eligibility for asylum under the substantial evidence standard, see Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994), and the factual determinations will be upheld "if supported by reasonable, substantial, and probative evidence on the record considered as a whole," 8 U.S.C. § 1105a(a)(4). To obtain a reversal, an applicant must show that his or her evidence " 'was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.' " Shirazi-Parsa, 14 F.3d at 1427 (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). Questions of law, such as "the application of established legal principles to undisputed facts," are reviewed de novo. Singh v. Ilchert, 63 F.3d 1501, 1506 (9th Cir.1995).[2]
 
 
 5
 To qualify for asylum, an applicant must demonstrate that he or she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a).
 
 
 6
 Hernandez-Rodriguez contends that the evidence presented to the IJ compels a finding that she suffered past persecution by Sandinista official Julio Cesar Flores on account of her actual or imputed political opinion. We agree.
 
 
 7
 We look to "the victim's political opinion, not the persecutor's," when determining whether persecutory acts were on account of political opinion. Elias-Zacarias, 502 U.S. at 482. Additionally, an asylum applicant "must present some evidence, direct or circumstantial," that the persecutor was motivated by the applicant's actual or imputed political opinion. Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1992) (citing Elias-Zacarias, 502 U.S. at 483). Because multiple or overlapping motives often do exist for the persecution of others, so long as one of the motives is based on a statutory ground, refugee status may be established. See Singh, 63 F.3d at 1509; cf. Osorio v. INS, 18 F.3d 1017, 1028 (2nd Cir.1994) (interpreting the INA to mean that " 'persecution on account of the victim's political opinion,' does not mean persecution solely on account of the victim's political opinion").
 
 
 8
 Here, Hernandez-Rodriguez testified that although she had a brief personal relationship with Flores when she was twelve years old, he severely mistreated and threatened her because of her insufficient and waning support for the Sandinista cause.[3] The IJ found that because Flores mistreated Hernandez-Rodriguez before she expressed her political opinion by resigning from the Sandinista youth group, his actions did "not seem to have anything to do particularly with her political opinion." This finding is not supported by substantial evidence.
 
 
 9
 Hernandez-Rodriguez presented the following direct and circumstantial evidence that Flores was motivated to harm her on account of political opinion: (1) her testimony that Flores beat, raped and threatened her because she was not "going to the activities of the Sandinistas the way he wanted [her] to become involved;" (2) her testimony that Flores severely beat her on two occasions after he found out that she resigned from the Sandinista youth group because he "s[aw] that as being a traitor;" and (3) a letter from her neighbor corroborating the fact that Flores "guided [Hernandez-Rodriguez] to be a member of the Sandinista Youth Group," and that "he threatened to take Roxana away from her" when he "saw that he wasn't succeeding in making [Hernandez-Rodriguez] to do what she was told."
 
 
 10
 The direct and circumstantial evidence on the record considered as a whole compels a finding that Hernandez-Rodriguez was persecuted, at least in part, on account of her failure to maintain her support for the Sandinistas. See Canas-Segovia, 970 F.2d at 601. Moreover, the personal nature of some of Flores' actions does not preclude a finding of political persecution. See Singh, 63 F.3d at 1509; cf. Osorio, 18 F.3d at 1028. Accordingly, the IJ's finding that Flores persecuted Hernandez-Rodriguez solely on account of personal animosity, regardless of her political opinion, lacks substantial evidence. See Shirazi-Parsa, 14 F.3d at 1427.
 
 
 11
 Furthermore, we find that even if Flores used Hernandez-Rodriguez's political opinion as an excuse to beat her for his own personal reasons, she would still qualify for relief under our holding in Lazo-Majano v. INS, 813 F.2d 1432, 1435 (9th Cir.1987) (reversing denial of asylum to apolitical Salvadoran woman abused by government soldier who "cynically imputed" a subversive political opinion to her).
 
 
 12
 We find that Hernandez-Rodriguez has established her unwillingness to return to Nicaragua due to past persecution by Sandinista official Flores on account of her political opinion. Accordingly, she is a refugee eligible for a grant of asylum. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). We remand to the BIA for the exercise of discretion under 8 U.S.C. section 1158(a), and for a determination consistent with this opinion on Hernandez-Rodriguez's request for withholding of deportation pursuant to 8 U.S.C. section 1253(h).
 
 
 13
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Hernandez-Rodriguez's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA must conduct "an individualized review of the petitioner's contentions and circumstances" and its opinion "must state with sufficient particularity and clarity the reasons for denial" so that we may conduct a proper review. See Castillo v. INS, 951 F.2d 1117, 1121 (9th Cir.1991). Here, the BIA: (1) identified the basis for Hernandez-Rodriguez's claim; (2) determined that the IJ "adequately and correctly addressed the issues raised on appeal;" and (3) "affirmed based upon and for the reasons set forth in [the IJ's] thorough decision." Because it is "clear to us that [the BIA] gave individualized consideration to [Hernandez-Rodriguez's] case, but chose to use the IJ's words rather than its own," Alaelua, 45 F.3d at 1382, we find no merit in Hernandez-Rodriguez's contention that the BIA's opinion deprived her of an adequate review of the IJ's decision
 
 
 [2]
 Because this case turns upon whether the facts presented by Hernandez-Rodriguez were sufficient to meet her burden of proof regarding Flores' motive, we review the IJ's determination under the substantial evidence standard. See Singh, 63 F.3d at 1507 (noting that Elias-Zacarias "held that whether the applicant in a particular case had sustained its burden by sufficient evidence involves issues of fact")
 
 
 [3]
 Because the BIA did not disturb the IJ's positive credibility finding, we accept Hernandez-Rodriguez's testimony as true. See Singh, 63 F.3d at 1506