78 F.3d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony Paul HUNTER, Plaintiff-Appellant,
v.
George H. BALDWIN; David C. Cassel; Karen Johnson; Oregon
Department of Corrections, Defendants-Appellees.
 No. 95-35330.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Paul Hunter, an Oregon state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging infringement of his free exercise of religion and a denial of his due process rights. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review a grant of summary judgment de novo. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992).
 
 
 4
 Prison officials received a copy of an Identity Christian pamphlet entitled "Your Heritage" through first-class mail addressed to Hunter. The pamphlet argued that Aryans were the true Israelites and that God had commanded that Jewish people should be destroyed. Upon an initial review, prison officials decided to return the pamphlet to the sender in light of the "inflammatory material" regulation which prohibited "material ... which would constitute a direct and immediate threat to the security, good order, or discipline of the facility because it incites or advocates physical violence against others." Prison officials did not notify Hunter that this pamphlet had been received prior to their decision to return it. When the warden reviewed the pamphlet, he decided it did not fall within the regulation, and delivered the pamphlet to Hunter, but ordered that Hunter could not show the pamphlet to other inmates.
 
 
 5
 Hunter contends that the "inflammatory material" regulation is unconstitutional both as applied and on its face.[1]
 
 
 6
 Prisoners' claims that conduct by prison officials infringes on their free exercise of religion are to be analyzed under the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb to 2000bb-4 ("RFRA"). Malik v. Brown, 71 F.3d 724, 729 n. 4 (9th Cir.1995); Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir.1995) (per curiam). Under RFRA, a prisoner is required to show that the conduct in question substantially burdens their exercise of religion. Bryant, 46 F.3d at 949. In Bryant, we focused on whether a practice was mandated by a prisoner's religion to determine whether a prison policy substantially burdened the prisoner's religious exercise. See id.
 
 
 7
 Here, there is nothing in the record to indicate that Hunter's faith mandated that he receive and read the religious pamphlet in question. Accordingly, we conclude the regulation, as applied, did not infringe Hunter's free exercise of religion. See Bryant, 46 F.3d at 949.
 
 
 8
 With respect to Hunter's facial challenge to the regulation, we assume that the regulation could be applied in a way to substantially burden a prisoner's free exercise of religion and consider whether the regulation serves a "compelling governmental interest" and is the "least restrictive means of furthering that" interest. See 42 U.S.C. § 2000bb-1.
 
 
 9
 Prison officials have a compelling interest in maintaining prison security, order and discipline. See United States v. Williams, 791 F.2d 1383, 1387 (9th Cir.), cert. denied, 479 U.S. 869 (1986); cf. Cheema v. Thompson, 67 F.3d 883, 885 (9th Cir.1995) (order upholding grant of preliminary injunction, stating that "school district had a compelling interest in campus safety"). Pre-RFRA caselaw establishes that the prison regulation at issue was the "least restrictive means" for furthering the prison's compelling interest in security. See McCabe v. Arave, 827 F.2d 634, 638 (9th Cir.1987) (discussing Procunier v. Martinez, 416 U.S. 396, 416 (1974)). Accordingly, we conclude that the regulation, on its face, does not infringe Hunter's free exercise of religion. See Williams, 791 F.2d at 1387; McCabe, 827 F.2d at 638.[2]
 
 
 10
 Finally, Hunter argues that prison officials denied his due process rights by deciding to return the pamphlet before providing him with notice and an opportunity to be heard. Any liberty interest Hunter had in receiving the pamphlet would be found in the First Amendment. See Procunier, 416 U.S. at 418. Because we have concluded that prison officials did not violate Hunter's First Amendment rights when they decided to return the pamphlet, we also conclude that Hunter had no liberty interest requiring procedural protection. See id.
 
 
 11
 On appeal, Hunter contends that the district court erred by dismissing his claims for injunctive relief as moot because prison officials have continued to infringe his free exercise of religion by depriving him of religious materials under the "inflammatory material" regulation. Hunter did not present this allegation to the district court. See International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985) (stating that this court will not review an issue not raised below except in exceptional circumstances). Moreover, because we have concluded that the prison regulation did not infringe on Hunter's free exercise of religion, we also conclude that he is not entitled to injunctive relief.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his reply brief, Hunter concedes that he is not challenging prison regulations which mandate the return of material sent by bulk mail. Moreover, Hunter has not challenged the warden's order that Hunter cannot show the pamphlet to other inmates
 
 
 [2]
 Because RFRA's retroactive provision "is not relevant to the analysis of qualified immunity," see Malik, 71 F.3d at 729 n. 4, and the regulation at issue would have been upheld in light of Procunier and McCabe, we conclude that the district court properly granted defendants qualified immunity on Hunter's claims for monetary damages