78 F.3d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wallace WARD, Plaintiff-Appellant,
v.
John DOBRE, Warden; United States Attorney General,
Defendants-Appellees.
 No. 94-16460.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wallace Ward, a former federal prisoner, appeals pro se the district court's dismissal of the United States Attorney General, and summary judgment in favor of a former prison official, in his action brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Ward alleged that his First Amendment rights were violated when he was sanctioned for running a business from prison. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, and vacate and remand in part.
 
 
 3
 * United States Attorney General
 
 
 4
 Ward contends that the district court erred by dismissing the United States Attorney General based upon qualified immunity. This contention lacks merit. We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Everest & Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994).
 
 
 5
 "[T]he Attorney General will be entitled to immunity so long as [her] actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " Mitchell v. Forsyth, 472 U.S. 511, 523 (1985) (internal quotation omitted); accord Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993).
 
 
 6
 Ward alleged that the Attorney General promulgated prison regulations that violated his constitutional rights. Here, after several administrative hearings were conducted, Ward was sanctioned for conducting a business from prison, which is prohibited by prison regulations. See 28 C.F.R. § 540.14(d)(4). Because there is no clearly established right to conduct a business from prison, the Attorney General did not violate a clearly established right by promulgating this regulation. See Mendoza v. Block, 27 F.3d 1357, 1360 (9th Cir.1994); Romero v. Kitsap County, 931 F.2d 624, 629 (9th Cir.1991). Accordingly, the district court properly dismissed the Attorney General based upon qualified immunity. See Mitchell, 472 U.S. at 523.
 
 II
 Prison Official
 
 7
 Ward contends that the district court erred by granting summary judgment for defendant Dobre, the former superintendent at FPC Nellis, based upon qualified immunity. This contention has merit.
 
 
 8
 Before entering summary judgment, "[d]istrict courts are obligated to advise prisoner pro per litigants of [Fed.R.Civ.P.] 56 requirements." Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). The district court must advise a pro se prisoner that he or she must submit responsive evidence in opposition to a summary judgment motion. See id.; accord Arreola v. Mangaong, 65 F.3d 801, 802 (1995). A court may not avoid giving the required advice because it determines that a prisoner has the requisite sophistication in legal matters. See Klingele, 849 F.2d at 411.
 
 
 9
 Here, the district court granted Ward's motion for rehearing as to Dobre's dismissal because the court had erroneously dismissed Dobre on jurisdictional grounds. Dobre then filed a renewed "motion to dismiss, or in the alternative, for summary judgment." Ward filed an opposition to this motion, but he did not submit responsive evidence. The district court granted summary judgment for Dobre.[1]
 
 
 10
 A review of the record reveals that the district court failed to advise Ward that, under Fed.R.Civ.P. 56(e), he had to submit responsive evidence to survive the defendant's motion for summary judgment. Accordingly, we vacate the district court's grant of summary judgment. See Klingele, 849 F.2d at 411-12. On remand, the district court should advise Ward of the Rule 56 requirements and give him an opportunity to respond to defendant's summary judgment motion.[2] See id.
 
 
 11
 AFFIRMED in part, and VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Insofar as Ward contends that the court erred by permitting defendants to file a renewed motion to dismiss subsequent to the granting of the motion for rehearing, this contention is wholly without merit. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (holding that the district court has an inherent power to manage its own docket), cert. denied, 113 S.Ct. 321 (1992)
 
 
 [2]
 Because we vacate and remand to allow Ward to oppose the summary judgment motion, we do not address the merits of Ward's claims